**No. 56731.**—A. Escudero v. United States, protest 104734–K/12618 (New Orleans).

Rao, Judge: An importation of cordage from Mexico was entered at the port of New Orleans, La., in the name of William J. Oberle, Inc. (Penson & Co., Inc.). In both the original consumption entry, and an amendment thereto filed on or about July 13, 1942, the importer of record, William J. Oberle, Inc., executed, pursuant to the provisions of section 485 (d) of the Tariff Act of 1930, a "Declaration of Nominal Consignee or Agent," wherein the name of Independent Cordage Co. of 81 Warren Street, New York, N. Y., was listed as the actual owner of the merchandise covered by the entry. However, no owner's declaration such as is provided for in said section is included in the official papers.

The merchandise covered by this entry was classified by the collector pursuant to the provisions of paragraph 1005 (a) of the Tariff Act of 1930 as henequen, smaller than three-quarters of 1 inch in diameter, and assessed with duty at the rate of 2 cents per pound and 15 percent ad valorem.

On or about April 19, 1943, one A. Escudero filed a letter of protest against the collector's liquidation of this entry, dated April 12, 1943, the body of which we here quote in full:

RE—CON. ENTRY 1685, 5/13/42:—To the best of my knowledge this Entry was liquidated March 9/943, with a refund of $61.23, which refund was to be made to Messrs WILLIAM J. OBERLE, INC. *the importer of record.*

I refer to and confirm all former correspondence crossed between us regarding this matter.   I bought that lot of SISAL rope from The Independent Cordage Co. #81 Warren St. New York, NY and the above named Messrs OBERLE, acted as the INDEPENDENT'S authorized local agents or representatives at New Orleans, La.   I want to protest the liquidation of above mentioned Entry 1685, but it seems that according to the Customs regulations I can not do it, as that action have to be taken by *the importer of record.*   It seems that the said *importer of record* is not willing to fill [*sic*] the protest, and as I am the legal owner of that lot of SISAL rope and I paid the import duties on same, I desire to make it clear now, *that I want to protest the liquidation of this Entry* whether through *the importer of record,* or direct by myself, and I desire that my rights to make the required protest, have been·claimed from your office within 60 days after date of liquidation, as required by Section 514 of the Tariff Act of 1930, as it will not be fair nor right, that I may lose the rights I have to make the protest, on account of the negligence of Messrs *William J. Oberle, Inc.* and/or the negligence of their principals, The Independent Cordage Co. #81 Warren St. New York, City.

I enclose copy of the letter I wrote today to The INDEPENDENT'S people which is self explanatory.   [Italics quoted.]

We note that the letter enclosure to which reference is made in the foregoing has not been forwarded to this court with the official papers.

At the request of protestant, this case was transferred to the port of San Juan, Puerto Rico, for trial. It appears from the statement of trial counsel for defendant, made at a hearing on March 21, 1950, that the moving party, who was not then present, had appeared and testified at a prior hearing, but that his testimony was stricken from the record by order of Judge Cline. Counsel for defendant thereupon moved to dismiss the case on the ground that plaintiff is not the proper party in interest.

Section 514 of the Tariff Act of 1930 provides for the filing of a protest by the importer, consignee, or agent of the person paying the charge or exaction to which objection is made. In the quoted letter of protest, *supra*, plaintiff herein admits that he is neither the importer, consignee, nor agent of the person paying the charge, by the statement that he has purchased the involved merchandise from the Independent Cordage Co. of New York City, for whom William J. Oberle, Inc., the importer of record, acted as agent. It does not appear, nor are we permitted to assume, that the transfer of ownership of the involved merchandise was made prior to importation and entry, or that plaintiff became the consignee of this importation as holder of a bill of lading duly endorsed by the original consignee. Neither has any proof been offered on the part of plaintiff to establish his relationship with this transaction. As he is neither the importer, consignee, nor agent of the person paying the charge, he is not entitled under the law to protest against the action of the collector. *Gibraltar Warehouses* v. *United States*, 68 Treas. Dec. 400, T. D. 47933.

The circumstance that plaintiff personally paid the duties assessed against the merchandise at bar does not create a right in him to protest the action of the collector, since, from all that appears of record herein, he is a stranger to this importation.

This conclusion renders unnecessary any consideration of the sufficiency of said letter of April 12, 1943, as a protest within the contemplation of section 514 of the Tariff Act of 1930.

The motion of defendant is therefore granted and the protest is dismissed. Judgment will be entered accordingly.