**SAMUEL SHAPIRO & COMPANY, Inc.**
v.
**UNITED STATES.**
C.D. 3090; Protest Nos. 65/14330–16265.

United States Customs Court,
Third Division.

Aug. 21, 1967.

Allerton deC. Tompkins, New York City (David H. Fishman, Baltimore, Md., of counsel), for plaintiff.

Carl Eardley, Acting Asst. Atty. Gen. (Arthur H. Steinberg, New York City, trial attorney), for defendant.

Before RICHARDSON and LANDIS, JJ.

RICHARDSON, Judge:

The plaintiff, Samuel Shapiro & Company, Inc., a customs broker, as consignee entered through the port of Baltimore, Maryland, a shipment of rifles exported from West Germany under its consumption entry term bond October 22, 1956, and at that time declared it was not the actual owner and furnished the name and address of the owner, Sharpe & Hart, Inc. Within 90 days from date of entry (October 25, 1956) the customs broker filed an "Owners Declaration" of ownership, pursuant to 19 U.S.C.A. section 1485(d), but did not file a superseding bond of the actual

owner as is required by the Secretary of the Treasury under Customs Regulation Section 8.18(d) for the broker to be released from liability for increased duties under its consumption entry term bond.

October 29, 1956, the merchandise was released to the broker under its consumption entry bond, as is permitted under 19 U.S.C.A. section 1499.

Approximately 9 years later, on July 19, 1965 the entry was liquidated with an increase in duty of $165. On July 21, 1965 the broker paid the increased duties, and within 60 days of liquidation, July 28, 1965, filed this protest, contending that Section 8.18(d) of the Customs Regulations which requires the broker to file an owner's superseding bond, in addition to an owner's declaration required under 19 U.S.C.A. section 1485(d), in order to be released from liability for increased duties, was "illegal, null and void," and "in excess of the powers delegated to the Secretary of the Treasury, and is not authorized by law."

The foregoing record of facts was established by the testimony of two witnesses for the plaintiff—M. Sigmund Shapiro, vice president and treasurer of the plaintiff corporation, and Kenneth N. Worden, Administrative Fiscal Officer in the office of the Collector of Customs at Baltimore, Maryland—and two exhibits and consumption entry (received without marking), introduced into evidence through Mr. Shapiro and one exhibit introduced through Mr. Worden; and one exhibit introduced into evidence by the defendant.

The defendant, at the trial orally moved to dismiss the protest on the ground that this is a suit to have a consumption entry bond declared void and that the court is without jurisdiction to pass upon the validity of the bond. The motion was taken under advisement. The defendant further contends that if the Court has jurisdiction of this action, the regulation promulgated by the Secretary of the Treasury which provides for the filing of a superseding bond is a valid exercise of the authority vested in him under 19 U.S.C.A. sections 1485(d), 1623, as amended, and 1624, and that the plaintiff is accordingly liable for the increased duties which it paid.

The motion to dismiss the protest on jurisdictional grounds is denied. The protest is not against the validity of the broker's term bond, but against the validity of the customs regulation (Section 8.18(d)) requiring a superseding bond by the actual owner as a substitute for or to replace the term bond of the broker before the broker can be released from liability for increased duties, which is in the nature of a protest against a decision of the collector as to an exaction under 19 U.S.C.A. section 1514.

The substantive question raised by this protest is whether the Secretary of the Treasury has statutory authority to issue a regulation requiring a superseding bond on the part of the actual owner of merchandise as security for his promise to pay any increased duties contained in his owner's declaration, before releasing the broker-consignee from liability for such increases which he has assumed under his consumption entry term bond?

The Court answers this question in the affirmative.

The regulation, the validity of which is challenged, is Customs Regulations Section 8.18(d) and reads as follows:

A consignee in whose name an entry is made who desires under the provisions of section 485(d), Tariff Act of 1930, to be relieved from direct liability for the payment of increased and additional duties shall file a declaration of the actual owner of the merchandise on customs Form 3347. If the consignee desires to be relieved also from the liability for the payment of such duties voluntarily assumed by him in the single-entry bond which he filed in connection with the entry or in his term bond against which the entry was charged, he shall file with the collector of customs within 90 days

from the date of entry a superseding bond on customs Form 7601 of the actual owner whose declaration on customs Form 3347 has been filed in accordance with section 485(d) and the regulations in this part. The filing of the owner's declaration and of the superseding bond by the nominal consignee is optional and no bond shall be required for the production of either. Neither the owner's declaration nor the superseding bond shall be accepted unless filed by the nominal consignee or his duly authorized agent. A nonresident owner's declaration shall not be accepted as a compliance with section 485(d) unless there is filed therewith a bond of such owner on customs Form 7551 or 7553, with a resident corporate surety thereon.

The statutes in title 19 of U.S.C.A. under which the defendant claims the Secretary of the Treasury had authority to issue the foregoing regulation requiring the superseding bond read in pertinent part as follows:

1. Section 1485(d):

   (d) A consignee shall not be liable for any additional or increased duties if (1) he declares at the time of entry that he is not the actual owner of the merchandise, (2) he furnishes the name and address of such owner, and (3) within ninety days from the date of entry he produces a declaration of such owner conditioned that he will pay all additional and increased duties, under such regulations as the Secretary of the Treasury may prescribe. Such owner shall possess all the rights of a consignee.

2. Section 1623(a) as amended:

   (a) In any case in which bond or other security is not specifically required by law, the Secretary of the Treasury may by regulation or specific instruction require, or authorize collectors of customs to require, such bonds or other security as he, or they, may deem necessary for the protection of the revenue or to assure compliance with any provision of law, regulation, or instruction which the Secretary of the Treasury or the Customs Service may be authorized to enforce.

3. Section 1624:

   In addition to the specific powers conferred by this chapter the Secretary of the Treasury is authorized to make such rules and regulations as may be necessary to carry out the provisions of this chapter.

The language in Section 1485(d) which permits the release of the consignee from liability for increased duties upon the filing of an owner's declaration "under such regulations as the Secretary of the Treasury may prescribe" is a grant of power to the Secretary of the Treasury broad enough for him to provide by regulation a requirement that the consignee file a superseding bond as a condition precedent to his release from liability under his consumption entry bond.

Assuming, without admitting, that the general grants of power to the Secretary of the Treasury in Sections 1485(d) and 1624 to issue regulations which would enable him to protect the revenue were not sufficiently broad to authorize him to require the filing of a superseding bond as a guarantee of a promise to pay by the actual owner before releasing the security which he has under the consignee's consumption entry bond, Section 1623(a) as amended, makes the grant of such power abundantly and specifically clear.

Section 1623(a), as amended, gives express authorization and power to the Secretary of the Treasury to require a bond "In any case in which bond or other security is not specifically required by law, * * *" that he "may deem necessary for the protection of the revenue or to assure compliance with any provision of law, regulation, or instruction which the Secretary of the Treasury or the Customs Service may be authorized to enforce."

The legislative history of Section 1623(a) as found in the House Ways and Means Committee Report and the Senate Finance Committee Report supports this interpretation of the section in the following language:

" * * * The new provision will authorize the requirement of a bond wherever not specifically required by law, * * * "

[See: H.R.Rep. No. 7, 71st Cong., 1st Sess. (May 9, 1929) at p. 186, and S.Rep. No. 37, 71st Cong., 1st Sess. (Sept. 4, 1929) at p. 77.]

The case of Lagerloef Trading Co. (Inc.) v. United States, 63 Treas.Dec. 582, T.D. 46288 (1933) cited by the plaintiff involved an express statutory exception from the power of the Secretary of the Treasury to require a bond in cases where a finding of dumping as provided in the Antidumping Act of 1921 had been made. No express statutory exception is applicable to the facts in the case before the Court. The other cases cited by the plaintiff which were decided prior to 1950 do not involve the Customs Regulation, 8.18(d), in issue which was not promulgated until February 8, 1950, and such cases state the law in the absence of the regulation providing for a superseding bond.

The cases cited by the plaintiff which were decided after 1950 are not cases in which the power of the Secretary of the Treasury to require a superseding bond by regulation was questioned. In substance, however, such power was recognized in the cases. For example, note the following language in a decision of the Court of Appeals for the Second Circuit, which defendant cited in affirming a decision of the District Court of the Southern District of New York, which plaintiff cited:

Appellant's contention is based on principles of subrogation: Having paid the additional duties, it wishes to succeed to the rights of the United States against the bankrupt, including the government's right to have its claim accorded priority status in the distribution. The threshold question, then, is whether the appellant, in paying the additional duties, was paying its own debt, or that of the bankrupt. It is clear that, under the Tariff Act, a nominal consignee, such as appellant here, is to be treated as the owner of the merchandise. 19 U.S.C. § 1483. The consignee, in order to expedite entry of the goods, may remove them under bond. 19 U.S.C. § 1499; 19 CFR § 8.28. By furnishing such a bond, the appellant here undertook liability for the duties which it paid. If it had not wished to remain liable for the payment of such additional duties, *appellant could have escaped liability by designating the true owner* (bankrupt here) *and having it post bond.* 19 U.S.C. § 1485(d). This it did not do. We hold that, in paying the $68,997.23, the appellant was discharging its own debt. [R. J. Saunders & Co., Inc. v. Donald Vincent, Trustee of Chemo Puro Manufacturing Corporation, 309 F.2d 65, 67 (2d Cir. 1962).] [Emphasis added.]

There is much discussion in the record and in the briefs which raises the question as to whether the Secretary of the Treasury can by regulation, 8.18(d), impose a condition (a superseding bond requirement) upon the acceptance of an owner's declaration which, if not complied with, does not qualify the actual owner as a transferee of the liability for increased duties initially assumed by the consignee in his consumption entry term bond; and at the same time issue another regulation, 24.36(b), which transfers to the actual owner, who has "duly filed" an owner's declaration, the right of the consignee to receive a refund of excess duties paid by the consignee. The statement of this question raises a further question as to whether an owner's declaration is "duly filed" when it is conditioned that his promise to pay increased duties be secured by a superseding bond and the condition is not complied with. As these issues were not raised in the protest the Court does not

pass upon them. Also, the issue in this case does not involve the question of a refund of excessive duties, but only the question of a release from liability for an increase in duties.

The protest, therefore, is overruled.

LANDIS, J., concurs.