56 CCPA

**HERSEY OF CANADA, LTD., Appellant,**

v.

**The UNITED STATES, Appellee.**

**Customs Appeal No. 5315.**

United States Court of Customs and Patent Appeals.

March 6, 1969.

(Howard Clare Carter, Eugene F. Blauvelt, New York City, of counsel) Sharretts, Paley, Carter & Blauvelt, New York City, for appellant.

Edwin L. Weisl, Jr., Asst. Atty. Gen., Alan S. Rosenthal, Washington, D. C., for the United States.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and KIRKPATRICK,* Judges.

WORLEY, Chief Judge.

This is an appeal from a judgment of the Customs Court, Third Division, Appellate Term, Cust.Ct., A.R.D. 234 (1968), affirming the decision and judgment of a single judge, 58 Cust.Ct. 629, R.D. 11275 (1967), dismissing consolidated reappraisement appeals filed by the plaintiff-appellant.

The merchandise comprises knitted or crocheted headwear manufactured by appellant, Hersey of Canada, Ltd. (Consignor), and exported on consignment to Sazu Corp. of Brooklyn, N.Y. (Consignee). The president of Sazu is Mrs. Sally Zuller, mother-in-law of Ed Hersey, a director and vice president of Hersey of Canada. The merchandise was entered at Champlain, N. Y. by F. W. Myers & Co., Inc., customshouse brokers, for the account of Sazu Corp. in August and September 1964. No owner's declaration was filed. The entered values were advanced by the appraiser and notices of appraisement were delivered to F. W. Myers & Co., Inc. in August 1965. Thereafter, purported appeals for reappraisement as provided by section 501 of the Tariff Act of 1930, as amended (19 U.S.C. § 1501) [1] were timely filed by "HERSEY OF CANADA, LTD. (Consignee or Agent) by: SHARRETTS, PALEY AND CARTER, Attorneys."

---

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

1. 19 U.S.C. § 1501 provides:

    (a) The collector shall give written notice of appraisement to the consignee, his agent, or his attorney, if (1) the appraised value is higher than the entered value, or (2) a change in the classification of the merchandise results from the appraiser's determination of value, or (3) in any case, if the consignee, his agent, or his attorney requests such notice in writing before appraisement, setting forth a substantial reason for requesting the notice. The decision of the appraiser, including all determinations entering into the same, shall be final and conclusive upon all parties unless a written appeal for a reappraisement is filed * * * by the consignee or his agent with the collector within thirty days after the date of personal delivery, or if mailed the date of mailing of written notice of appraisement to the consignee, his agent, or his attorney. * * *

1396

In proceedings before a single judge, appellant took testimony from Mrs. Zuller intended to show that Sazu Corp. appointed Hersey of Canada its agent for the conduct of the reappraisement appeals. It was apparently appellant's position that Hersey was the agent of Sazu and thus the agent of the consignee permitted by section 501 of the Tariff Act to file reappraisement appeals. A government motion to dismiss on the ground that the appeals were not filed by the proper party as provided by section 501 of the Tariff Act of 1930 was granted. The judge cited Wilmington Shipping Co. v. United States, 52 CCPA 76, C.A.D. 861, wherein a foreign seller of goods was held not to be the agent of the nominal consignee for the purpose of filing reappraisement appeals, and went on to state:

In the instant case, Hersey of Canada, Inc., was the exporter and consignor of the merchandise. It did not make entry of the merchandise and was not liable for payment of duty. It is located in Montreal, outside the jurisdiction of the court. Notice of appraisement was delivered to F. W. Myers & Co., Inc., which firm had entered the merchandise for the account of Sazu Corp. The evidence that Hersey of Canada, Inc., was actually appointed by the consignee as an agent to file these appeals is unconvincing.

In view of the decision in Wilmington Shipping Company v. United States, supra, and the record presented, I find that these appeals for reappraisement were not filed by the consignee or its duly authorized agent within the meaning of section 501 of the Tariff Act of 1930, as amended, and must be dismissed.

On application for review, the Customs Court affirmed the action granting the motion to dismiss. The court, as had the trial court, found the testimony of Mrs. Zuller relating to the alleged agency unconvincing, stating:

The trial court was not impressed by this testimony given by Mrs. Zuller on the matter of the agency appointment; and neither are we. In fact, Mrs. Zuller's testimony is conflicting or at the very least confusing.

The court also concluded that the appeal would still be ineffective even if the alleged agency had been established because Sazu itself was not a "consignee" within the meaning of section 501. In that connection, the court pointed out that Sazu as merely the ultimate consignee did not enter the merchandise and was not liable for the duties thereon, but that such liability was that of the nominal consignee, F. W. Myers & Co.

It is unnecessary for us here to determine whether Sazu could properly have filed an appeal for reappraisement directly in its own name. Even if it could have done so, it would still be necessary for Hersey to establish that it was the agent of Sazu and this, we think, it has failed to do.

Review of the testimony of Mrs. Zuller relating to the alleged agency satisfies us that the Customs Court did not err in concluding that her testimony is not convincing that there was an appointment of Hersey as agent for Sazu for the reappraisement appeals.

Certain other arguments are also advanced by appellant. Thus, it argues that the presence of the name of F. W. Myers & Co. and the entry number on the reappraisement appeal results in that document including within its four corners all the information necessary for a valid appeal. A related argument is that the appearance of the name of the attorneys (who are also the attorneys for Sazu) on the document also provides a basis of jurisdiction. Both arguments ignore the reality that the reappraisement appeals were filed in the name of Hersey as the party taking the appeal. The entry number and reference to F. W. Myers & Co. as the broker in whose name the merchandise was imported serve merely to identify the cause in which Hersey sought to appeal and cannot change the fact that the appeal was taken by Hersey and no one else. Nei-

ther can the identification of the attorneys filing the appeal in Hersey's behalf.

 Finally appellant asks that the present appeal be remanded to permit adding the name of F. W. Myers & Co. to the signatures in the appeal for reappraisement. However, appellant does not cite any authority that satisfies us that such action would be warranted under the circumstances here.

Since we find no reversible error, the judgment is affirmed.

Affirmed.

KIRKPATRICK, J., took no part in the decision of this case.