(C.D. 4075)

Wedemann & Godknecht, Inc. *v.* United States

United States Customs Court, Second Division

(Dated September 11, 1970)

*Rode & Qualey (Ellsworth F. Qualey* of counsel) for the plaintiff.
*William D. Ruckelshaus,* Assistant Attorney General (*Herbert P. Larsen* and *Andrew P. Vance,* co-counsel trial attorneys), for the defendant.

Before Rao, Ford, and Rosenstein, Judges

Rosenstein, J.: The twenty cases herein, covering 23 entries, which are before us on a motion to dismiss, were severed from forty others with which they had been consolidated and tried and were restored to the calendar by this court, in *Wedemann & Godknecht, Inc., a/c Burlington Industries, Inc., et al.* v. *United States,* 59 Cust. Ct. 475, 478–479, C.D. 3199 (1967), which stated, in pertinent part:

> Before considering the merits of this matter, the court deems it in order to first act upon motion of defendant to dismiss the 26 [1] protests listed in schedule "B." It appears that said motion covers basically six different categories of protests which counsel for defendant urges were not filed by the proper party. Accordingly, it is argued said protests should be dismissed since, if they are not filed by any of the parties designated in section 514, Tariff Act of 1930, the court is without jurisdiction to act. Section 514, *supra,* provides for the filing of a protest by the importer, con-

[1] Six protests were subsequently abandoned.

signee, or agent of the person paying the charge or exaction to which objection is being made.

The six [2] categories of protest subject to the motion to dismiss are as follows:

\*　　\*　　\*　　\*　　\*　　\*　　\*

4. Two [3] protests were filed on behalf of Wedemann & Godknecht, Inc., a/c Rose Mills, Inc., while the entries were made in the name of Allen Forwarding Co., a/c Rose Mills, Inc. The Declaration of Nominal Consignee or Agent in these cases indicates Rose Mills, Inc., is the actual owner of the goods for customs purposes.

5. Ten protests were filed on behalf of Wedemann & Godknecht, Inc., a/c Atwater Throwing Co., while the entries were made in the name of Allen Forwarding Co., a/c Atwater Throwing Co. The Declaration of Nominal Consignee or Agent indicates Atwater Throwing Co. is the actual owner of the goods for customs purposes.

6. Nine protests were filed on behalf of Wedemann & Godknecht, Inc., a/c Liberty Fabrics Co. of N.Y., whereas the entries were made by Allen Forwarding Co., a/c Liberty Fabrics Co. of N.Y. The Declaration of Nominal Consignee or Agent indicates Liberty Fabrics Co. of N.Y. is the actual owner of the goods for customs purposes.

Since there is some question as to the authority of the parties above named to sign the protests set forth in schedule "B," which has not as yet been resolved, a jurisdictional issue has been raised. In the interests of justice and for the purpose of affording such plaintiffs an opportunity to establish their right to appear in these actions within the limitations described in section 514 of the Tariff Act of 1930, decision on the motion is withheld. The order of consolidation heretofore made is, therefore, modified to the extent that the 26 cases listed in schedule "B" are severed, and said cases are restored to the next calendar of the court.

At the hearing on the jurisdictional question, the sole witness, John W. Eisenhower, vice president of Allen Forwarding Co., customs brokers at the port of Philadelphia, testified that the customs entries were prepared under his supervision; that Allen Forwarding Co. is the importer of record and the consignee or endorsee of the bill of lading or carrier's certificate in each entry; that no owner's declaration or superseding bond was filed in any of them; that, in making these entries, he had acted for Wedemann & Godknecht, Inc.; that Allen Forwarding Co., as importer of record, was liable for, and had actually paid, the estimated and increased duties; and that it was reimbursed by Wedemann & Godknecht, Inc. He had notified Wede-

---

[2] Only three categories remain, by reason of the aforementioned abandonments.
[3] One protest in this category was abandoned.

mann & Godknecht, Inc. of the entries and was aware that protests were to be filed. As a representative of Allen Forwarding Co., he "now" ratified and confirmed the action of the plaintiff in filing the protests.

On cross-examination, the witness testified that he received authority from Wedemann & Godnecht, Inc. to prepare the entries; however, he had not given it authority to file protests in these cases.

Upon questioning from the trial judge, the witness stated that Wedemann & Godknecht, Inc. was not the ultimate consignee, adding—

> I think Wedemann is a representative of foreign shippers. Am I right?

The Special Customs Invoices in 22 of the entries list Farbenfabriken Bayer A.G. as the seller and either George H. McFadden & Bros. Inc. (in variant form) or Liberty Fabrics Co. of New York (or Liberty Fabrics of New York, Inc.) as the purchaser of the merchandise. (There is no Special Customs Invoice for the Rose Mills, Inc. entry.) The commercial invoices in each entry list "McFadden" as "Leitweg." In 16 entries there is a carrier's certificate listing Allen Forwarding Co. as the owner or consignee of the articles within the purview of section 484(h), Tariff Act of 1930. Wedemann & Godknecht, Inc. appears nowhere on the invoices or entry papers herein.[4]

The filing of a protest is governed by section 514, Tariff Act of 1930 [19 U.S.C. 1514], which provides:

> * * * all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the *importer, consignee, or agent of the person paying such charge or exaction*, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise

---

[4] In entry 27464 (protest 62/10365), an attempted appeal for reappraisement filed by Eugene R. Pickrell on behalf of "Wedemann & Godknecht, Inc. for the a/c of George H. McFadden & Bros." was withdrawn under questioning by the collector, and an appeal substituted by Mr. Pickrell in the name of "Allen Forwarding for a/c Liberty Fabrics of N.Y."

entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. * * * [Emphasis supplied.]

Is Wedemann & Godknecht, Inc. a proper party plaintiff within the meaning of section 514?

The pivotal factor, of course, is plaintiff's relationship to this transaction. If it is neither the importer, consignee, nor agent of the person paying the charge, it is not entitled under the law to protest the action of the collector. *Gibralter Warehouses* v. *United States*, 68 Treas. Dec. 400, T.D. 47933 (1935). The fact that Wedemann & Godknecht, Inc. reimbursed Allen forwarding Co. for the duties assessed against the merchandise at bar does not create in it a right to file a protest if it is a stranger to the importation. *A. Escudero* v. *United States*, 28 Cust. Ct. 497, Abstract 56731 (1952).

As noted in the *Wedemann & Godknecht, Inc.* opinion, *supra*, the protests were filed on behalf of Wedemann & Godknecht, Inc. for the accounts of either Atwater Throwing Co., Rose Mills, Inc., or Liberty Fabrics Co. of N.Y., which firms are listed on the various Declarations of Nominal Consignee or Agent accompanying the entries herein as the actual owners of the goods for customs purposes.

Assuming *arguendo* the statutory right of these companies as "actual owner",[5] or as "ultimate consignee",[6] to file protests, which is a question we need not reach for purposes of this case, it has not been alleged, much less proved, that plaintiff acted as their agent.[7]

Allen Forwarding Co., the importer of record, nominal consignee, and the party paying the estimated and increased duties herein, was liable, the witness conceded, for payment of these duties. Inasmuch as that company was named as owner or consignee of the merchandise on the Carrier's Certificates accompanying 16 of the entries, it must be deemed the sole consignee therein by virtue of sections 483 and 484(h),[8] Tariff Act of 1930. The failure to file an owner's declaration

---

[5] See (*Patchogue-Plymouth Mills Corporation* v. *Durning*, 101 F. 2d 41 (2d Cir. 1939).

[6] See *Hersey of Canada, Ltd.* v. *United States*, 56 CCPA 64, C.A.D. 955, 406 F. 2d 1394 (1969).

[7] The Report of Collector on Protest (C.F. 4297) states, in each case, that "No power of attorney has been filed in this office in accordance with Sec. 17.2(a) of Cust. Reg."

[8] Section 483 [19 U.S.C. 1483] provides:

For the purposes of this title—

(1) All merchandise imported into the United States shall be held to be the property of the person to whom the same is consigned; and the holder of a bill of lading duly indorsed by the consignee therein named, or, if consigned to order, by the consignor, shall be deemed the consignee thereof. The underwriters of abandoned merchandise and the salvors of merchandise saved from a wreck at sea or on or along a coast of the United States may be regarded as the consignees.

(2) A person making entry of merchandise under the provisions of subdivision (h)

and superseding bond of the actual owner, in accordance with section 485(d) and Customs Regulation 8.18(d),[9] obligated Allen Forwarding Co. to pay all additional and increased duties. *Samuel Shapiro & Co., Inc.* v. *United States*, 56 CCPA 31, C.A.D. 949, 403 F. 2d 282 (1968). Where a customs broker makes an entry and does not file an owner's declaration executed by the ultimate consignee, the nominal consignee is, for tariff purposes, the owner and principal. *M. M. DuPouey* v. *United States*, 48 Cust. Ct. 343, Abstract 66475 (1962); *Isador Dorfman et al.* v. *United States*, 36 Cust. Ct. 540, R.D. 8555 (1956); *American Shipping Co.* v. *United States*, 10 Cust. Ct. 300, C.D. 771 (1943).

Although the witness testified that his company acted for Wedemann & Godknecht, Inc., in making these entries, and that he did not authorize the latter to file the protests herein, plaintiff now alleges, somewhat inconsistently, that it acted as agent for Allen Forwarding Co. (brief, page 9)

Whether Wedemann & Godknecht, Inc. may even qualify to act as agent of the consignee for purposes of section 514[10] is a question

---

or (i) of section 484 (relating to entry on carrier's certificate and on duplicate bill of lading, respectively) shall be deemed the sole consignee thereof.

Section 484(h) [19 U.S.C. 1484(h)] provides:

(h) Any person certified by the carrier bringing the merchandise to the port at which entry is to be made to be the owner or consignee of the merchandise, or an agent of such owner or consignee, may make entry thereof, either in person or by an authorized agent, in the manner and subject to the requirements prescribed in this section (or in regulations promulgated hereunder) in the case of a consignee within the meaning of paragraph (1) of section 483.

[9] Section 485, Tariff Act of 1930 [19 U.S.C. 1485] reads in relevant part:

(d) A consignee shall not be liable for any additional or increased duties if (1) he declares at the time of entry that he is not the actual owner of the merchandise, (2) he furnishes the name and address of such owner, and (3) within ninety days from the date of entry he produces a declaration of such owner conditioned that he will pay all additional and increased duties, under such regulations as the Secretary of the Treasury may prescribe. Such owner shall possess all the rights of a consignee.

Customs Regulations, Section 8.18(d) provides:

A consignee in whose name an entry is made who desires under the provisions of section 485(d), Tariff Act of 1930, to be relieved from direct liability for the payment of increased and additional duties shall file a declaration of the actual owner of the merchandise on customs Form 3347. If the consignee desires to be relieved also from the liability for the payment of such duties voluntarily assumed by him in the single-entry bond which he filed in connection with the entry or in his term bond against which the entry was charged, he shall file with the collector of customs within 90 days from the date of entry a superseding bond on customs Form 7601 of the actual owner whose declaration on customs Form 3347 has been filed in accordance with section 485(d) and these regulations. The filing of the owner's declaration and of the superseding bond by the nominal consignee is optional and no bond shall be required for the production of either. Neither the owner's declaration nor the superseding bond shall be accepted unless filed by the nominal consignee or his duly authorized agent. A nonresident owner's declaration shall not be accepted as a compliance with section 485(d) unless there is filed therewith a bond of such owner on customs Form 7551 or 7553, with a resident corporate surety thereon. [85 Treas. Dec. 33, T.D. 52403 (1950).]

[10] See *Wilmington Shipping Company* v. *United States*, 52 CCPA 76, C.A.D. 861 (1965), questioning right of foreign shipper to act as agent of consignee within meaning of section 501, Tariff Act of 1930 (19 U.S.C. 1501), as amended.

we need not reach. Plaintiff's assertion of an agency is totally at variance with, and finds no support in, the testimonial and documentary evidence of record. The witness' obvious uncertainty as to plaintiff's status ("I *think* Wedemann is a representative of foreign shippers" [emphasis supplied]) also belies the existence of this post-trial claimed principal-agent relationship.

Inasmuch as Wedemann & Godknecht, Inc. purported to act solely for the account of the actual owners herein, and not as agent of Allen Forwarding Co., the doctrine of ratification is inapplicable. *Pullen* v. *Dale*, 109 F. 2d 538 (9th Cir. 1940); *Valaske* v. *Wirtz*, 106 F. 2d 450 (6th Cir. 1939).

On the record herein we find that Wedemann & Godknecht, Inc. is not a proper party plaintiff as authorized by section 514.

The motion to dismiss the instant protests is granted, and an order to this effect will be granted hereupon.