**WEDEMANN & GODKNECHT, INC., a/c Burlington Industries, Inc., et al.**

v.

**UNITED STATES.**

**CD 3199, Protest Nos. 64/4764–7527–62, etc.**

United States Customs Court, Second Division.

Nov. 20, 1967.

John D. Rode, New York City, for plaintiffs.

Edwin L. Weisl, Jr., Asst. Atty. Gen. (Arthur H. Steinberg, New York City, Trial Atty.), for defendant.

Before RAO and FORD, Judges.

FORD, Judge:

The cases listed in schedule "A," annexed hereto and made a part hereof, were consolidated for purpose of trial, as were the 26 cases enumerated in schedule "B," also annexed. For reasons which will be discussed infra, the separate listings have been made.

The merchandise which is involved in these cases is described as perlon, which is the nylon of American trade and commerce. It consists of both first quality and offgrade material which was classified under the provisions of paragraph 1301, Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as yarns of rayon or other synthetic textile and, as such, assessed with duty at the rate of 22½ per centum ad valorem but not less than 25 cents per pound.

The sole claim relied upon by plaintiffs is that the imported merchandise

is not a yarn but grouped filaments which are provided for in said paragraph 1301, as modified, supra. The prescribed rate for such grouped filaments is 21 per centum ad valorem but not less than 17 cents per pound.

The record in the case of Geo. H. McFadden & Bros., Inc. v. United States, 50 Cust.Ct. 133, C.D. 2401, was incorporated herein. The merchandise involved therein consisted of multifilament offgrade perlon and the classification and claim were the same as in the instant case. The court in the *McFadden* case, supra, held such offgrade perlon to be properly dutiable as grouped filaments as claimed.

The pertinent portions of paragraph 1301, Tariff Act of 1930, as modified by said T.D. 54108, read as follows:

Filaments of rayon or other synthetic textile, not specially provided for:

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

Grouped:

&ast; &ast; &ast; &ast; &ast; &ast; &ast; &ast;

Weighing less than 150 deniers per length of
450 meters ...........................21% ad val., but not less than 17¢ per lb.

Yarns of rayon or other synthetic textile, not specially provided for, singles, weighing less than 150 deniers per length of 450 meters, and not having more than 20 turns twist per inch .....22½% ad val., but not less than 25¢ per lb.

---

The record in the incorporated case consisted of the testimony of Dr. Robert Schnegg, manager and supervising chemist of the plant which produced the imported merchandise, taken by means of a commission and the oral testimony of Norman J. Alexander, vice president of a textile manufacturing firm which used merchandise of the type here involved.

Dr. Schnegg's description of the manufacturing process for the production of perlon established the following. After perlon is produced and wound on sylindrical spools, it is stretched on a drawtwister to four times its original length and then wound on bobbins which are called stretchcops. According to this witness, by virtue of a speed differential in the transfer of perlon from the cylindrical spool on to the stretchcop or bobbin, a slight twist is imparted to the filament. This twist, which is less than one turn per inch is known as producer's twist.

Mr. Alexander testified that he was a chemical engineer having 18 years experience in the textile field. His testimony as to the additional processing necessary to prepare the imported offgrade perlon for use in the manufacture of textiles is summarized in our opinion in said *McFadden* case, supra.

In the case at bar, another commission of Dr. Schnegg was received in evidence as plaintiffs' exhibit 1, and defendant offered the testimony of five witnesses, three of whom (Mr. Millar of Chemstrand, Mr. Dallmyer and Mr. Heustess of Allied Chemical) were employed by manufacturers of nylon, and two of

whom (Mr. Bailey of Futura Fabrics Corp. and Mr. Needle of Astrotex, Ltd.) were employed by users of nylon for the production of fabrics.

Witnesses Millar and Dallmyer both testified as to the function of the drawtwister machine and their understanding of the term "producer's twist." The latter indicated that such twist would run from 0.10 turns per inch to $2\frac{1}{2}$ turns per inch, while the former was of the opinion that producer's twist would run from 0.25 to 1 turn per inch. Both witnesses agreed that the drawtwister produces this twist. Their testimony of the operation coincides with the description set forth in the incorporated case. The record shows nylon can be produced without twist by use of a machine known as a draw-winder, and such nylon processed by said machine is illustrated by plaintiffs' illustrative exhibit B. They both testified they were aware of the use of nylon without twist for knitting or weaving.

Before considering the merits of this matter, the court deems it in order to first act upon motion of defendant to dismiss the 26 protests listed in schedule "B." It appears that said motion covers basically six different categories of protests which counsel for defendant urges were not filed by the proper party. Accordingly, it is argued said protests should be dismissed since, if they are not filed by any of the parties designated in section 514, Tariff Act of 1930, the court is without jurisdiction to act. Section 514, supra, provides for the filing of a protest by the importer, consignee, or agent of the person paying the charge or exaction to which objection is being made.

The six categories of protests subject to the motion to dismiss are as follows:

1. Two protests were filed on behalf of Geo. H. McFadden & Bro., Inc., a/c Rose Mills, Inc. The entries covering said protests were made by Allen Forwarding Co., a/c Rose Mills, Inc. The Declaration of Nominal Consignee or Agent indicates Rose Mills, Inc., is the actual owner of the goods for customs purposes.

2. One protest was filed on behalf of Geo. H. McFadden & Bro., Inc., while the entry was made in the name of Allen Forwarding Co., a/c Rose Mills, Inc. In this instance also, the Declaration of Nominal Consignee or Agent indicates Rose Mills, Inc., is the actual owner of the goods for customs purposes.

3. Two protests filed by Geo. H. McFadden & Bro., Inc., a/c Liberty Fabrics Co., cover entries made by Allen Forwarding Co., a/c Liberty Fabrics Co. of N. Y. The Declaration of Nominal Consignee or Agent indicates Liberty Fabrics Co. of N. Y. is the actual owner of the goods for customs purposes.

4. Two protests were filed on behalf of Wedemann & Godknecht, Inc., a/c Rose Mills, Inc. while the entries were made in the name of Allen Forwarding Co., a/c Rose Mills, Inc. The Declaration of Nominal Consignee or Agent in these cases indicates Rose Mills, Inc., is the actual owner of the goods for customs purposes.

5. Ten protests were filed on behalf of Wedemann & Godknecht, Inc., a/c Atwater Throwing Co., while the entries were made in the name of Allen Forwarding Co., a/c Atwater Throwing Co. The Declaration of Nominal Consignee or Agent indicates Atwater Throwing Co. is the actual owner of the goods for customs purposes.

6. Nine protests were filed on behalf of Wedemann & Godknecht, Inc., a/c Liberty Fabrics Co. of N. Y., whereas the entries were made by Allen Forwarding Co., a/c Liberty Fabrics Co. of N. Y. The Declaration of Nominal Consignee or Agent indicates Liberty Fabrics Co. of N. Y. is the actual owner of the goods for customs purposes.

Since there is some question as to the authority of the parties above named to sign the protests set forth in schedule "B," which has not as yet been resolved, a jurisdictional issue has been raised.

In the interests of justice and for the purpose of affording such plaintiffs an opportunity to establish their right to appear in these actions within the limitations described in section 514 of the Tariff Act of 1930, decision on the motion is withheld. The order of consolidation heretofore made is, therefore, modified to the extent that the 26 cases listed in schedule "B" are severed, and said cases are restored to the next calendar of the court.

Insofar as the remaining cases are concerned, the parties have framed the issue as being whether the subject perlon has become a yarn, as classified, by virtue of the producer's twist, or consists of grouped filaments as claimed.

Our decision in the case of Geo. H. Mc-Fadden, supra, held merchandise substantially similar to the offgrade perlon involved herein to be filaments within the purview of paragraph 1301, Tariff Act of 1930, as modified, supra. In support of its conclusion to that effect, the court reviewed a number of definitions of the terms involved as well as legislative history, the pertinent portions of which are as follows:

> Webster's New International Dictionary, unabridged (1929), gives the following definition of "yarn":
>
> > yarn, * * * 1. Spun wool; woolen thread; also, thread of other material, as of cotton, flax, hemp, or silk; material spun and prepared for use in weaving, knitting, manufacturing sewing thread, or the like.
>
> Matthews' Textile Fibers, sixth edition, makes the following statement with respect to "yarn":
>
> > A yarn is a generic term, according to A.S.T.M., for "an assemblage of fibers or filaments, either natural or manufactured, twisted or laid together to form a continuous strand suitable for use in weaving, knitting, or otherwise intertwining to form textile fabrics."
>
> Senate Report No. 37, 71st Congress, 1st session, was made to accompany H.R. 2667, which subsequently became the Tariff Act of 1930. Un-

der schedule 13, paragraph 1301, the following information is contained:

> As written, the House bill provides in paragraph 1301 for rayon yarns, which term in trade usage means ordinarily filaments which in the process of manufacture are twisted together and are adaptable for use in textile operations without further conversion. Thus interpreted, the word "yarn" does not include artificial horsehair—a monofilament—nor the long-length filaments which, after extrusion from the spinning nozzle, are wound by parallel grouping without twisting. Since such filaments may be twisted into a yarn by silk throwsters and manufacturing consumers, they would be competitive after conversion from the imported state. There is, therefore, added to paragraph 1301 a new provision for rayon filaments, single or grouped, to cover both the artificial horsehair and the long untwisted filaments.
>
> * * * * * *
>
> The definition of "filament," as given in Matthews' Textile Fibers, supra, is as follows:
>
> > * * * A "filament" is a processed fiber of continuous length most conveniently measured in yards or meters. There may be only one (mono) or many (multi) filaments as in a rayon or silk yarn. The basic difference between a fiber and a filament is one of length.
>
> A.S.T.M. [13] defines a filament as "a variety of fiber characterized by extreme length" and appends a note stating that "the extreme length of filaments permits their being used in yarn without twist or with very low twist, and they are usually fabricated into yarn without the spinning operation required for fibers."

In the light of the foregoing, this court concluded that the offgrade perlon under consideration consisted of grouped filaments. The court further concluded that the presence of a slight twist of ap-

proximately ½ turn per inch did not convert the filaments into a yarn in a tariff sense, since further processing would be necessary before the material could be used for the manufacture of textile fabrics.

The record in the instant case establishes that after the involved merchandise, both first quality and offgrade, was produced as perlon, it was subjected to a drawtwister machine which draws the filaments and imparts a slight twist due to the speed differential of the revolutions of the cylindrical spool and the stretchcop, and the method by which the perlon is transferred from one to the other. Much of the emphasis was directed toward the meaning of the term "producer's twist" and the question of whether the various textiles referred to in the testimony were manufactured with perlon having no twist, described as zero twist, or with a degree of producer's twist. According to the witnesses, the term "producer's twist" refers variably to 0.1 to 2 or 2½ turns per inch. Both the technical witnesses employed by nylon producers as well as those employed by nylon users, testified, without contradiction, that first quality perlon with a producer's twist may be made into a textile without further processing.

 Since the test of what constitutes a yarn as laid down in the *McFadden* case, supra, is the suitability of the material for use, without further processing, in the manufacture of textiles, and since the first quality perlon here involved is so suitable, we find it to be a yarn within the intendment of the provision therefor in paragraph 1301, supra.

 The offgrade perlon, however, presents a different situation. The record as made herein does not establish to our satisfaction that offgrade perlon is suitable for manufacture into fabrics without further conversion. The record in the incorporated case includes the testimony of a witness who purchased offgrade perlon from the shipper involved herein, and his testimony established that further processing was required before it could be converted into a textile. The record in the instant case establishes that each company sets its own standards as to what constitutes offgrade nylon. Therefore, offgrade nylon of Chemstrand may differ slightly or radically from offgrade nylon produced by Dupont, Allied Chemical, or the shipper herein. The technical witnesses for the nylon producer either gave no testimony as to offgrade or such testimony was to the effect that offgrade is not "normally" further processed before being made into textile fabrics. As far as the witnesses employed by the users are concerned, even if we were to assume the offgrade nylon which they used and about which they testified was the same as the offgrade perlon produced by the exporter herein, their testimony is not sufficient to establish suitability of such offgrade nylon for manufacture into textile fabrics. Witness Bailey would not say how he would manufacture offgrade nylon into textile fabrics. Witness Needle, whose firm contracted to have fabrics knit, testified that he had seen offgrade nylon being knit but he did not testify whether any further processing was done to the nylon before knitting. His testimony was to the effect that he did not specify that anything be done to the nylon before knitting.

Based upon the record as made herein, we are of the opinion that offgrade perlon processed on a drawtwister machine is not a yarn as classified herein since it has not been shown to be suitable for manufacture into textile fabrics without further processing.

For the reasons set forth in our decision in the incorporated *McFadden* case, supra, we hold such offgrade perlon to fall within the provision for group filaments under paragraph 1301, supra, as claimed.

The protests insofar as the offgrade perlon filaments are concerned are sustained. As to all other merchandise, the protests are overruled.

Judgment will be entered accordingly.

## SCHEDULE "A"

| Protest | Plaintiff | Entry |
|---|---|---|
| | NEW YORK, N. Y. | |
| 64/4764–7527–62 | Wedemann & Godknecht, Inc. a/c Burlington Industries, Inc. | 917240 |
| 64/8984–14966–62 | Geo. H. McFadden & Bro., Inc. | 709535 |
| 60/26229–8386–60 | | 935817 |
| 60/20376–3452–60 | Wedemann & Godknecht, Inc. for a/c Rose Mills | 882504 |
| 60/21101–4383–60 | | 882503 |
| 60/23340–6506–60 | | 911621 |
| 60/30084–10918–60 | Wedemann & Godknecht, Inc. for a/c Masurel Mills, Inc. | 965540 |
| 61/3651–14499–60 | George H. McFadden & Bro., Inc. | 989595 |
| 61/7095–17246–60 | | 700920 |
| 61/7202–17245–60 | Wedemann & Godknecht, Inc. a/c Rose Mills | 715017 |
| 61/7204–17247–60 | Geo. H. McFadden & Bro., Inc. | 703328 |
| 61/8337–18748–60 | | 716107 |
| 62/19704–22777–61 | Geo. H. McFadden & Bro. | 883626 |
| 59/32562–8744–59 | J. J. Boll for Rose Mills, Inc. | 472700 |
| | PHILADELPHIA, PA. | |
| 60/7317–89736 | Allen Forwarding Co. | 10713 |
| | | 11495 |
| 60/7318–89750 | Allen Forwarding Co. for a/c Rose Mills | 16441 |
| 60/7332–89913 | Allen Forwarding Co. | 19201 |
| 63/14571–93267 | | 15597 |
| | | 17693 |
| 63/14573–93370 | | 28628 |
| 63/14574–93400 | | 26649 |
| 63/14577–93428 | | 574 |
| 63/14578–93429 | | 23409 |
| 63/14580–93470 | | 20306 |
| 63/14581–93471 | | 2841 |
| 63/14568–93699 | | 4668 |
| | | 7862 |
| 63/15676–93865 | | 14831 |
| 63/15697–94027 | | 25012 |
| 63/13829–93399 | | 11489 |
| 63/13834–93469 | | 3339 |
| 63/13839–93571 | | 17028 |
| 63/13892–93268 | | 18679 |
| 63/13893–93289 | | 23512 |
| 64/7991–94329 | | 37066 |
| 64/8003–94437 | | 603 |

## SCHEDULE "B"

| Protest | Plaintiff | Entry |
|---|---|---|
| 62/9702–91484 | Geo. H. McFadden & Bro. | |
| | a/c Rose Mills, Inc. | 25113 |
| 62/9703–91485 | | 26639 |
| 62/9721–91213 | Geo. H. McFadden & Bro., Inc. | 5950 |
| 62/10345–91486 | Geo. H. McFadden & Bro., Inc. | |
| | a/c Liberty Fabrics Co. | 29112 |
| 62/10355–91554 | | 8866 |
| 62/9704–91519 | Wedemann & Godknecht, Inc. | |
| | a/c Rose Mills, Inc. | 25764 |
| 62/15109–92316 | | 3078 |
| 62/10344–91296 | Wedemann & Godknecht, Inc. | |
| | a/c Atwater Throwing Co. | 20975 |
| 62/10347–91514 | | 31495 |
| 62/10348–91515 | | 29394 |
| 62/10349–91516 | | 25917 |
| 62/10350–91517 | | 29343 |
| 62/10352–91520 | | 30116 |
| 62/10354–91522 | | 28123 |
| 62/10363–91999 | | 1117 |
| 62/10364–92054 | | 32827 |
| 62/15106–92313 | | 29075 |
| 62/10358–91701 | Wedemann & Godknecht, Inc. | |
| | a/c Liberty Fabrics Co. | 7944 |
| 62/10360–91911 | Wedemann & Godknecht, Inc. | |
| | a/c Liberty Fabrics of N. Y., Inc. | 22714 |
| 62/10361–91949 | | 24163 |
| 62/10365–92055 | Wedemann & Godknecht, Inc. | |
| | a/c Liberty Fabrics of N. Y., | 32826 |
| | Inc. | 27464 |
| 62/15096–92546 | Wedemann & Godknecht, Inc. | |
| | a/c Liberty Fabrics of N. Y. | 10475 |
| 62/15107–92314 | Wedemann & Godknecht, Inc. | |
| | a/c Liberty Fabrics of | |
| | New York, Inc | 4415 |
| 62/15108–92315 | | 29076 |
| | | 29077 |
| 62/15123–92499 | | 6635 |
| 63/14575–93413 | | 15683 |
| | | 15950 |