**WEDEMANN & GODKNECHT, INC.**

v.

**UNITED STATES.**

**C.D. 4499; Protests 62/10344–91296, etc., against the decision of the collector of customs at the port of Philadelphia.**

United States Customs Court,
Second Division.

Jan. 30, 1974.

Rode & Qualey, New York City (Ellsworth F. Qualey, New York City, of counsel), for plaintiff.

Irving Jaffe, Acting Asst. Atty. Gen. (Herbert P. Larsen and Saul Davis, New York City, trial attys.), for defendant.

Before RAO, FORD and NEWMAN, Judges.

FORD, Judge:

The cases listed in schedule "A," annexed hereto and made a part hereof, cover offgrade filaments. The merit of the issue was decided favorably for the plaintiff in the case of Wedemann & Godknecht, Inc., a/c Burlington Industries, Inc., et al. v. United States, 59 Cust.Ct. 475, C.D. 3199, 275 F.Supp. 1017 (1967). In addition, the court ordered further testimony to be adduced relating to the question of the authority to file a protest.

After a further hearing, the court granted defendant's motion to dismiss on the ground that Wedemann & Godknecht, Inc. did not act as agent of Allen Forwarding Co. but for the actual owner, and accordingly the doctrine of ratification was inapplicable. Wedemann & Godknecht, Inc. v. United States, 65 Cust.Ct. 177, C.D. 4075 (1970).

Plaintiff thereupon moved to take the testimony of the foreign seller and Wedemann & Godknecht, Inc. The motion was granted, additional evidence was adduced, and the matter submitted for decision on the sole issue of jurisdiction.

The record establishes the involved merchandise was sold by Farbenfabriken Bayer, A.G. of West Germany, hereinafter referred to as "FFB," to Atwater Throwing Co. and Liberty Fabrics of New York on a duty-paid delivered basis. Wedemann & Godknecht, Inc., customhouse broker for FFB, was authorized to make all customs entries for

clearance and delivery at New York. It was also authorized to employ customhouse brokers at ports other than New York for entry, clearance and delivery. Allen Forwarding Co. was hired by Wedemann & Godknecht, Inc. for the purpose of entering and clearing the involved merchandise at the port of Philadelphia, Pennsylvania. All papers were forwarded by Wedemann & Godknecht, Inc. to Allen Forwarding Co. Entries in the involved cases were made in the name of Allen Forwarding Co., naming as the ultimate consignee either Atwater Throwing Co. or Liberty Fabrics of New York. However, no owner declaration or superseding bond was filed within the time prescribed by section 485(d), Tariff Act of 1930. The duties were paid by Allen Forwarding Co. for which it was reimbursed or payment was received in advance from Wedemann & Godknecht, Inc. These sums were in turn reimbursed by FFB. Upon liquidation of these entries, Allen Forwarding Co. notified Wedemann & Godknecht, Inc. who in turn advised the attorneys, pursuant to an agreement with FFB, to file protests.

Protests were filed in the name of Wedemann & Godknecht, Inc. for the account of Atwater Throwing Co. or Liberty Fabrics of New York.

Additionally the testimony identified George H. McFadden, named on the Special Customs Invoice, Customs Form 5515, as the sales agent in the United States for FFB.

The statutory provisions involved provide as follows:

Tariff Act of 1930, as amended:

### SEC. 514. *PROTEST AGAINST COLLECTOR'S DECISIONS.*

Except as provided in subdivision (b) of section 1516 of this Act (relating to protests by American manufacturers, producers, and wholesalers), all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation. [19 U.S.C.A. § 1514.]

### SEC. 483. *CONSIGNEE AS OWNER OF MERCHANDISE*

For the purposes of this subtitle—

(1) All merchandise imported into the United States shall be held to be the property of the person to whom the same is consigned; and the holder of a bill of lading duly indorsed by the consignee therein named, or, if consigned to order, by the consignor, shall be deemed the consignee thereof.

The underwriters of abandoned merchandise and the salvors of merchandise saved from a wreck at sea or on or along a coast of the United States may be regarded as the consignees.

(2) A person making entry of merchandise under the provisions of subdivision (h) or (i) of section 1484 (relating to entry on carrier's certificate and on duplicate bill of lading, respectively) shall be deemed the sole consignee thereof. [19 U.S.C.A. § 1483.]

SEC. 484. *ENTRY OF MERCHANDISE.*

(a) *REQUIREMENT AND TIME.*—Except as provided in sections 1490, 1498, 1552, and 1553 and in subdivision (j) of section 1336 of this Act, and in subdivisions (h) and (i) of this section, the consignee of imported merchandise shall make entry therefor either in person or by an agent authorized by him in writing under such regulations as the Secretary of the Treasury may prescribe. Such entry shall be made at the customhouse within five days, exclusive of Sundays and holidays, after the entry of the importing vessel or report of the vehicle, or after the arrival at the port of destination in the case of merchandise transported in bond, unless the collector authorizes in writing a longer time.

\* \* \* \* \* \*

(h) *ENTRY ON CARRIER'S CERTIFICATE.*—Any person certified by the carrier bringing the merchandise to the port at which entry is to be made to be the owner or consignee of the merchandise, or an agent of such owner or consignee, may make entry thereof, either in person or by an authorized agent, in the manner and subject to the requirements prescribed in this section (or in regulations promulgated hereunder) in the case of a consignee within the meaning of paragraph (1) of section 1483.

(i) *ENTRY ON DUPLICATE BILL OF LADING.*—Any person may, upon the production of a duplicate bill of lading signed or certified to be genuine by the carrier bringing the merchandise to the port at which entry is to be made, make entry for the merchandise in respect of which such bill of lading is issued, in the manner and subject to the requirements prescribed in this section (or in regulations promulgated hereunder) in the case of a consignee within the meaning of paragraph (1) of section 1483, except that such person shall make such entry in his own name. [19 U.S.C.A. § 1484.]

\* \* \* \* \* \*

SEC. 485. *DECLARATION.*

\* \* \* \* \* \*

(d) *LIABILITY OF CONSIGNEE FOR INCREASED DUTIES.*—A consignee shall not be liable for any additional or increased duties if (1) he declares at the time of entry that he is not the actual owner of the merchandise, (2) he furnishes the name and address of such owner, and (3) within ninety days from the date of entry he produces a declaration of such owner conditioned that he will pay all additional and increased duties, under such regulations as the Secretary of the Treasury may prescribe. Such owner shall possess all the rights of a consignee. [19 U.S.C.A. § 1485.]

\* \* \* \* \* \*

SEC. 502. *REGULATIONS FOR APPRAISEMENT AND CLASSIFICATION.*

(a) *POWERS OF SECRETARY OF THE TREASURY.*—The Secretary of the Treasury shall establish and promulgate such rules and regulations not inconsistent with the law, and may disseminate such information as may be necessary to secure a just, impartial, and uniform appraisement of imported merchandise and the classification and assessment of duties

thereon at the various ports of entry, and may direct any appraiser, deputy appraiser, assistant appraiser, or examiner of merchandise to go from one port of entry to another for the purpose of appraising or assisting in appraising merchandise imported at such port. [19 U.S.C.A. § 1502.]

It stands unrebutted that Allen Forwarding Co. is the consignee and sole owner of the imported merchandise in the tariff sense, as set forth in section 483(1), *supra*. This is true for tariff purposes, notwithstanding the fact that said consignee indicated it was not the actual owner since there was a failure to comply with the provisions of section 485(d), *supra*, the filing of an owner's declaration and superseding bond within the time prescribed. Top Form Brassiere Mfg. Co., Ltd. v. United States, 68 Cust.Ct. 288, R.D. 11770, 342 F.Supp. 1167 (1972); T. W. Holt & Company v. United States, 28 Cust.Ct. 504, Abs. 56756 (1952); M. M. DuPouey v. United States, 48 Cust.Ct. 343, Abs. 66475 (1962). Thus the distinction of ownership in a commercial sense and in a tariff sense becomes apparent.

Likewise, for customs purposes, Allen Forwarding Co. being the owner of the merchandise is in that sense the principal who is duly liable for additional or increased duties as well as the party entitled to any refund if it is determined one is due. However, in a commercial sense, based upon the record Allen Forwarding Co. is merely a nominal consignee for the purpose of making entry and is in fact the agent of Wedemann & Godknecht, Inc., having been employed by the latter for the purpose of making entry. Wedemann & Godknecht, Inc. is the agent of FFB, the manufacturer and shipper who sold the merchandise to the ultimate consignees, Liberty Fabrics of New York and Atwater Throwing Co. on a duty-paid basis.

This matter being tried under the tariff statutes of the United States, we must therefore consider Allen Forwarding Co. as the consignee and actual owner of the merchandise for customs purposes and therefore the principal in this transaction.

Under the general principles of agency, the acts of an agent are the acts of the principal. In the case at bar, the acts of filing the protests involved by Wedemann & Godknecht, Inc. are deemed to be the acts of Allen Forwarding Co. The record does establish that Allen Forwarding Co. has ratified the acts of Wedemann & Godknecht, Inc. in filing the protests. While it is true as pointed out in the prior decision, C.D. 4075, *supra,* that the protests were filed in plaintiff's name for the account of Liberty Fabrics of New York or Atwater Throwing Co. rather than Allen Forwarding Co., the former parties are not for customs purposes those which may file a protest, in the absence of evidence establishing either firm to be the actual importer. The record does not establish the former parties to be actual importers. Accordingly, Allen Forwarding Co. remains the sole owner entitled to file a protest under the provisions of section 514, *supra*. The intent of Wedemann & Godknecht, Inc. was to carry out the orders of FFB to have protests filed so as to protect the right to obtain a refund. The statutory provisions were intended to protect the Government from losing revenue by having to locate the actual importer or party in interest. In the instant case the duty has been paid and the only issue is who has the right to protest. That right should not be curtailed on a technicality when the consignee and its principals are in agreement as to the filing of a protest and the consigneee has ratified the act of Wedemann & Godknecht, Inc. in filing the same. On the merits someone is entitled to a refund and that someone, as far as customs is concerned, is Allen Forwarding Co., the "person" paying the charge. In view of the record in this case, the Government in paying Allen Forwarding Co., will be protected from claims by anyone else.

As the merits of the cases involved have previously been determined in

C.D. 3199, *supra*, the claim of the plaintiff that the merchandise is not yarns of rayon or other synthetic textile but is filaments of rayon or other synthetic textile, grouped, weighing less than 150 deniers per length of 450 meters and as such dutiable at the rate of 21 per centum ad valorem, but not less than 17 cents per pound under paragraph 1301, Tariff Act of 1930, as modified by T.D. 54108, is sustained.

*Judgment will be entered accordingly.*