**A. N. DERINGER, INC.**

v.

**CONSOLIDATED COMPUTER SERVICES INTERNATIONAL, INC.**

Civ. A. No. 72–250–C.

United States District Court,
D. Massachusetts.

Sept. 30, 1974.

Morris D. Katz, Boston, Mass., for plaintiff.

Edwin A. McCabe, Widett & Widett, Francis J. Lawler, Peabody, Brown, Row-ley & Storey, Boston, Mass., for defendant.

## OPINION

CAFFREY, Chief Judge.

This is a civil action in which plaintiff, a corporation organized under the laws of the State of Vermont, seeks to recover from defendant, a corporation whose state of incorporation is not alleged in the complaint, for certain customs charges paid by plaintiff to the United States. The duties were paid in connection with the importation of certain computer machinery from Canada to the United States. It is undisputed that the consignor of the goods became a bankrupt and that plaintiff recovered from the bankrupt estate $9,721.08 on account of plaintiff's payment of $32,602.49 in customs duties.

The papers on file and the agreed statement of facts on the basis of which counsel, waiving trial, submitted the case for decision, establish that Consolidated Computer, Ltd. of Toronto, Ontario, was the consignor of the machinery and that defendant was consignee. It is also stipulated that defendant presently has leased out the machinery and is receiving rental payments therefor.

The "Consumption Entry" lists plaintiff as "importer of record" and also states the importation was made "for the account of" the defendant. Two of the customs invoices describe the shipment as "F.O.B. Ottawa."

Plaintiff attempts to recover herein $22,881.41, the unpaid balance of the $32,602.49, on either of two theories, subrogation to the rights of the United States or, alternatively, unjust enrichment. Plaintiff cannot contend herein a right to recovery against defendant based on a theory of contractual liability because the record is clear that there was no contract at any time between plaintiff and defendant.

Plaintiff seeks to be subrogated to the rights of the United States because "it paid the duties to the United States

which were legally owing from the defendant, the true consignee-owner and importer of the goods." Plaintiff argues that although its name is listed on the Consumption Entry of the Bureau of Customs as "importer of record," it in fact was not the actual importer but merely the nominal or "record" importer. Plaintiff contends that the consignee-defendant is the actual owner and importer and, therefore, is liable to the United States for duties on the goods imported under applicable statutes and regulations imposing the obligation to pay duties on the "consignee" or "importer." 19 U.S.C.A. § 1505 (Supp.1974); Revised Custom Regulations of the United States, § 8.1(b), 19 C.F.R. § 141.1(b) (1974).

█ Plaintiff's argument is based on an erroneous construction of the term "consignee" as used in the tariff laws.[1] It is well established that the term "consignee" in the tariff laws has a different meaning than when used in a purely commercial sense. "[A] consignee in a commercial sense is not, without more, a consignee in a tariff sense." Hersey of Canada, Ltd. v. United States, 60 Cust.Ct. 942, 945, aff'd. 406 F.2d 1394 (C.C.P.A.1969); Wedemann & Godknecht, Inc. v. United States, 370 F.Supp. 1400, 1403 (Cust.Ct. 1974); Top Form Brassiere Mfg. Co., Ltd. v. United States, 342 F.Supp. 1167, 1172 (Cust.Ct.1972); Baldwin v. United States, 113 F. 217 (2 Cir. 1902).

In the instant case, the Consumption Entries of the Bureau of Customs dated September 13, October 7 and October 8 of 1971, attached to plaintiff's complaint and incorporated by reference into the Agreed Statement of Facts, describe the plaintiff as "importer of record" and state that importation was made "for the account

of" defendant. While no case directly on point has been found, several cases have applied the term "consignee" as used in the tariff sense to similar facts, and these cases indicate that the plaintiff in the instant case, and not the defendant, was "consignee" of the merchandise within the meaning of the tariff laws and, therefore, primarily liable to the United States for the duties thereon.

In Hersey of Canada, Ltd. v. United States, *supra*, the issue presented, on appeal to the Customs Court from the order of a single judge, was whether the appellant therein had capacity to file and prosecute reappraisement appeals under 19 U.S.C.A. § 1501 (1965) which provides that such appeals may be taken "by the consignee or his agent." The facts, as set forth in the opinion of the single judge, were that the merchandise was sold on consignment to one Saxu Corp., the customs entry was made by F. W. Myers & Co., Inc. for the account of Saxu Corp., and the merchandise was described in the documents as "imported in the name of F. W. Myers & Co. c/o [or a/c] of Hersey of Canada, Ltd." 58 Cust.Ct. at 630. The appellant Hersey argued that it filed its appeal as agent of the consignee, Saxu Corp. The court held that an agency appointment by Saxu would be ineffective to empower Hersey to file reappraisement appeals under the statute because

"It is quite true that Saxu was the ultimate consignee of the involved merchandise in the commercial sense sense of the word 'consignee.' But Saxu did not enter the merchandise and was not liable to the Government for duties accruing on such merchandise. The party undertaking such burden and assuming such li-

1. 19 U.S.C.A. § 1483 (1965) provides:

(1) All merchandise imported into the United States shall be held to be the property of the person to whom the same is consigned; and the holder of a bill of lading duly indorsed by the consignee therein named, or, if consigned to order, by the consignor, shall be

deemed the consignee thereof. . . .

(2) A person making entry of merchandise under the provisions of subdivision (h) or (i) of section 1484 of this title (relating to entry on carrier's certificate and on duplicate bill of lading, respectively) shall be deemed the sole consignee thereof.

ability here was F. W. Myers & Co., Inc., the nominal consignee. Consequently, Myers was the 'consignee' of the involved merchandise for tariff purposes. . . ."

60 Cust.Ct. at 944. *Accord,* Wedemann & Godknecht, Inc. v. United States, 370 F.Supp. 1400 (Cust.Ct.1974); Top Form Brassiere Mfg. Co. v. United States, 342 F.Supp. 1167 (Cust.Ct.1972).

■■ In light of these cases the defendant has not established a right to subrogation. The equitable doctrine of subrogation covers only those situations where one party pays a debt for which another party is primarily liable. R. J. Saunders & Co. v. Vincent, 309 F.2d 65 (2 Cir. 1962); Amick v. Columbia Casualty Co., 101 F.2d 984 (8 Cir. 1939); United States v. Fishing Vessel Mary Ann, 330 F.Supp. 1102 (S.D.Tex.1970). The evidence here establishes only that defendant was the consignee of the merchandise in the commercial sense. It shows that plaintiff was the importer of record who entered the goods for the account of defendant. Under the cases cited above, these facts do not establish any obligation on the part of defendant to pay the duties involved. On the contrary, they are more consistent with a finding that the tariff laws imposed this obligation on plaintiff who, as importer of record, entered the goods. Consequently, plaintiff is not entitled to subrogation because it has not shown that in paying the duties it paid a debt for which the defendant was primarily liable. Plaintiff's reliance on St. Paul Fire & Marine Insurance Co. v. United States, 370 F.2d 870 (5 Cir. 1967), is misplaced. There the Court of Appeals held, on a theory of unjust enrichment. that the plaintiff, who as surety was secondarily liable on a customs bond, was entitled to be subrogated to the rights of its principal and of the creditor, the United States. In the instant case, plaintiff has failed to establish that its liability for the duties was secondary and not primary. See R. J. Saunders & Co. v. Vincent, *supra.*

■ It follows that plaintiff's claim of unjust enrichment should be denied for the same reason. Plaintiff has not adduced any evidence that the defendant was obliged under the tariff laws to pay the duties. Plaintiff has shown by the stipulation that it has borne the economic burden of paying the customs duties. But plaintiff has not shown that in a normal transaction of the type involved herein, i. e., one without a consignor who became bankrupt, a consignee such as defendant would ultimately assume that tax burden. On the meager and relatively barren record before the Court it is not possible to make a finding as to whether or not in a transaction free of either party going into bankruptcy the tax would ultimately fall on consignor or consignee. Thus, on this record it is not proven that a consignee like defendant would have to bear the tax burden as between it and its consignor and thus it is not shown that defendant has escaped a burden it would normally shoulder. Absent such a showing, no unjust enrichment has been proved herein.

If as between consignor and consignee there was a duty on consignee (defendant) to pay the tax, I would expect the stipulation to show that the Trustee in Bankruptcy of the consignor brought suit to enforce that liability of consignee to consignor. No such claim or lawsuit is referred to in the stipulation. Contrariwise, the consignor, far from suing defendant, actually through the Trustee in Bankruptcy paid $9721.08 to plaintiff without attempting to obtain even that partial reimbursement from defendant.

On the basis of the foregoing, I rule that plaintiff has failed to prove a right to recovery on either the theory of subrogation or the theory of unjust enrichment and, consequently, I find for defendant.

Judgment accordingly.