(C.R.D. 76–6)

## S.S. KRESGE CO. *v.* UNITED STATES

Court Nos. 72–6–01275, etc.

Ports of New York, Savannah and Portland, Oreg.

(Dated August 11, 1976)

*Sharretts, Paley, Carter & Blauvelt* (*Stephen R. Stern* of counsel) for the plaintiff.
*Rex E. Lee*, Assistant Attorney General (*Carol A. Calhoun*, trial attorney), for the defendant.

LANDIS, Judge:  Pursuant to rule 8.2 of this court plaintiff, in these five cases, moves for summary judgment sustaining its claim that merchandise imported from Japan, described on the invoices as fondue sets, should be classified as an entirety and assessed under TSUS item 653.50.[1]

Defendant opposes the motion on the ground that there are unresolved genuine factual issues which require a trial. Alternatively, defendant contends that, as a matter of law, the cases should be dismissed because customs officials correctly classified the fondue sets as articles not specially provided for of a type used for household, table, or kitchen use, and assessed the separate pieces of the fondue sets under TSUS items 653.95 and 654.10.[2]

---

[1] TSUS provides for item 653.50 as follows (T.D. 68–9):

Stoves, central-heating furnaces and burners, ranges, cookers, grates, space heaters and similar heating or cooking apparatus, all the foregoing, of base metal, not electrically operated, of types used in the household, hotels, restaurants, or offices; and parts thereof, of base metal:

| | | |
|---|---|---|
| *** | Portable types designed to be operated by propane or other gas, or by compressed air and kerosene or gasoline | *** |
| 653.50 | Other | 7% ad val. [or] 6% ad val. |

[2] TSUS provides for items 653.95 and 654.10 as follows (T.D. 68–9):

Articles not specially provided for of a type used for household, table, or kitchen use; toilet and sanitary wares; all the foregoing and parts thereof, of metal:

\* \* \* \* \* \* \*

Articles, wares, and parts, of base metal, not coated or plated with precious metal:
Of iron or steel:
Not enameled or glazed with vitreous glasses:

| | | |
|---|---|---|
| \* \* \* | Cast articles, coated | \* \* \* |
| \* \* \* | Of tin plate | \* \* \* |
| 653.95 | Other | 10% ad val. [or] 8.5% ad val. |
| \* \* \* \* \* \* \* | | \* |
| 654.10 | Of aluminum | 2¢ per lb. + 10% ad val. [or] 1.7¢ per lb. + 8.5% ad val. |

Both parties recognize that on a motion for summary judgment "the court cannot try issues of fact; it can only determine whether there are issues to be tried." *Heyman* v. *Commerce and Industry Insurance Company*, 524 F. 2d 1317, 1319 (2d Cir. 1975). Plaintiff contends that there are no genuine factual issues for the court to resolve. Defendant argues that there are several material unproven factual issues. The first issue of fact raised by defendant goes to the question of the identity of the claimed commercial entirety in terms of the individual pieces that make up the entirety. Defendant's second factual issue concerns whether, in the manner that they are used the individual pieces are being used as a new entity, or used in the fashion delineated by their separate identities as individual pieces. Bearing in mind that defendant is presumed to have found every fact necessary to support the separate classification of the individual pieces, and because the parties substantially differ as to the establishment of the material factual issues in this type of case, I conclude that summary judgment is precluded. *Nickol* v. *United States*, 501 F. 2d 1389 (10th Cir. 1974).

The imported fondue sets in this case are identified on the invoices as Kresge Code No. 5–69–30 and Kresge Code No. 5–69–26. Exhibit A, which plaintiff submits as representative of Code No. 5–69–30, consists of an aluminum yellow colored pot with a black detachable handle, a yellow cover for the pot, a black iron burner stand and an alcohol burner container with snuffer. Exhibit B, which plaintiff has submitted as representative of Code No. 5–69–26, consists of an aluminum orange colored pot with a brown handle, an orange cover, an orange tray, a black iron burner stand, and a container for sterno in the shape of a miniature pot with an attached sliding cover or snuffer of sorts. Defendant states that factually, as described on the invoices filed with the customs entries covered by this action, exhibits A and B also included six fondue forks and, in addition, exhibit A included a tray. Since exhibits A and B do not include the six fondue forks, and exhibit A additionally does not include the tray, defendant objects to the exhibits as nonrepresentative of the imported fondue sets, and contends that the missing pieces raise a genuine issue of fact between plaintiff and defendant as to what the fondue sets consist of in terms of individual pieces. Plaintiff admits that when submitted in evidence, it did mistakenly assume that Code No. 5–69–30 (exhibit A) did not include a tray. Speaking to defendant's point of controversy, however, plaintiff concedes the point, namely, that "the description found on the commercial invoices accompanying the entries the subject of plaintiff's motion for summary judgment are the true and accurate descriptions of the merchandise as commercially imported for resale in the United States" (plaintiff's reply to the opposition, page 4).

As imported, therefore, fondue set Code No. 5–69–30 (exhibit A) included a tray and six fondue forks and Code No. 5–69–26 (exhibit B) included six fondue forks.

Customs officials separately classified the fondue forks as articles *eo nomine* provided for as forks under TSUS item 650.49. Although plaintiff has elected not to contest the classification of the fondue forks, it has not established, materially or otherwise, whether fondue sets as an entirety do or do not include fondue forks. If, as a class or kind, fondue sets, commonly include fondue forks, then it would appear relevant and material to consider whether fondue sets without fondue forks are an entirety or something less than an entirety.

The issue of use raised by defendant introduces the question of which of the various criteria, e.g., "function," "use," "individual entities," "newly created entity," "intent," "design," or "commercial unit," from the doctrine of entireties should be applied in this case. *Cf. Miniature Fashions, Inc.* v. *United States*, 54 CCPA 11, 16, C.A.D. 894 (1966).

In *Miniature Fashions, supra*, the court of appeals agreed with and quoted a statement of this court that appears to be at least factually applicable here as follows:

> The difficulty which is experienced in this type of case is not so much the formulation of a workable rule as it is the application of the provisions thereof to a given factual situation. Where it is apparent that the components of an importation have no useful function until joined into a single entity, it is, of course, relatively easy to say that the result constitutes an entirety. Where, however, the several components of a unit are to any extent alone susceptible of a separate use, the question of whether their individual identities are subordinated to the newly created entity is not so readily answered. [54 CCPA, page 15.]

The two affidavits of Robert T. Rodgers, head of plaintiff's import department, filed with this motion, state that the fondue sets imported in this case were marketed, sold, and designed to be used as a unit, and that the individual pieces which comprise the fondue set have no separate commercial values. Defendant, however, is inclined to controvert those statements albeit with nothing more than argument as to the identity of the pieces that make up the entirety including the fondue forks, and the extent to which the individual pieces are susceptible to a separate use. It should also be noted that the statement in Mr. Rodgers' first affidavit (which was not cured in the second affidavit) that "the fondue *set* * * * is imported together in the same shipment and is packaged together" (emphasis added) is ambiguous and insufficient because this case involves two styled fondue sets and not one as the statement implies. In my opinion, defendant should not be summarily cut off from its right to a full

scale trial of the facts. As stated in *Heyman* v. *Commerce and Industry Insurance Company, supra,* at page 1320:

> * * * Moreover, when the court considers a motion for summary judgment, it must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought, * * * with the burden on the moving party to demonstrate the absence of any material facual issue genuinely in dispute * * *. This rule is clearly appropriate, given the nature of summary judgment. This procedural weapon is a drastic device since its prophylactic function, when exercised, cuts off a party's right to present his case to the jury. * * *

This court's rule on summary judgment is modeled on rule 56 of the Federal Rules of Civil Procedure. *Allen Forwarding Co., etc.* v. *United States,* 68 Cust. Ct. 66, 69, C.D. 4337, 340 F. Supp. 412, 415 (1972). It is established and accepted that:

> * * * The summary judgment procedure is properly and wholesomely invoked when it eliminates a useless trial but, of course, not when it would cut a litigant off from his right to have a jury resolve a factual issue bearing significantly on the outcome of the litigation. The party moving for summary judgment bears the burden of demonstrating the absence of a genuine issue as to any material fact, and even where his opponent comes forth with nothing, summary judgment must be denied if the facts supporting the motion do not establish the nonexistence of such an issue. Likewise, summary judgment must be denied where the movant fails to show his entitlement to a favorable determination as a matter of law. Thus, to be upheld, the summary judgment under review must withstand scrutiny on both its factual and legal foundations. [*Bloomgarden* v. *Coyer,* 479 F. 2d 201, 206, 207 (D.C. Cir. 1973).]

And:

> There is no question that under F. R. Civ. P. 56, *whether in a jury trial or a trial to the court* [emphasis added], the party opposing the summary judgment motion has a right to a full evidentiary hearing on all genuine issues of material fact. In a bench trial, this means that if the party opposing summary judgment raises any triable fact questions, he has the right to adduce the expert testimony of live witnesses and cross-examine his opponent's witnesses rather than to have to rely on the affidavits submitted in opposition to the summary judgment motion. * * * [*United States* v. *J. B. Williams Company, Inc.,* 498 F. 2d 414, 430 (footnote 19), (2d Cir. 1974).]

Upon these considerations, plaintiff's motion for summary judgment is, accordingly, denied.