CARSON M. SIMON & CO. A/C RUKUSON YOH, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 78–5–00818

Before LANDIS, *Judge.*

(Decided January 4, 1982)

*Barnes, Richardson & Colburn* (*Jack D. Mlawski* on the briefs) for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Susan C. Cassell* on the briefs) for the defendant.

LANDIS, *Judge:* The issue in this case, presently before this Court on cross-motions for summary judgment pursuant to Rules 4.12 and 8.2 of the United States Customs Court,[1] is whether the dehairing process as performed herein upon the hair of the cashmere goat renders the goat hair further processed than scoured as defined by the tariff laws of the United States.

The merchandise, imported hair of the cashmere goat from the People's Republic of China, was classified and assessed with duty pursuant to the Column 2 rate of item 307.52, Tariff Schedules of the United States (TSUS), as modified by T.D. 68–9, by customs

---

[1] Now Rules 7 and 56 of the United States Court of International Trade.

officials at the port of Philadelphia.[2] Plaintiff filed its protest to this classification on October 7, 1977, which the District Director denied on November 21, 1977. All liquidations have been paid and plaintiff has timely filed this protest. The case is properly before this court.

A review of the record before the court indicates that there are material issues of fact in issue which are properly determined upon a trial on the merits. The existence of material factual issues preclude the granting of summary judgment. *S.S. Kresge Co.* v. *United States*, 77 Cust. Ct. 154, C.R.D. 76–6 (1976); *Inter-Pacific Corp.* v. *United States*, 1 CIT 338, Slip Op. 81–52 (June 12, 1981).

Summary judgment is a drastic remedy which precludes a party from exercising its right to present evidence to the court on a full trial on the merits. *Donnelly* v. *Guion*, 467 F. 2d 290 (2d Cir. 1972). When deciding summary judgment motions the court should resolve all ambiguities and draw off all reasonable inferences in favor of the party against whom summary judgment is sought. *United States* v. *Diebold, Inc.*, 369 U.S. 654, 655 (1962); *S.S. Kresge Co.* v. *United States, supra*, at 157. The fact that both parties seek summary judgment on cross-motions is of no consequence. Such cross-motions do not warrant the court granting summary judgment unless one of the moving parties is entitled to judgment as a matter of law upon facts that are not genuinely disputed. *Painton & Co* v. *Bourns, Inc.*, 442

---

[2] The pertinent statutes are the following:

SCHEDULE 3.—TEXTILE FIBERS AND TEXTILE PRODUCTS

PART 1.—TEXTILE FIBERS AND WASTES; YARNS AND THREADS

* * * * * *

Subpart C.—Wool and Related Animal Hair

*Subpart C headnotes:*
1. For the purposes of this subpart—

* * * * * * *

(e) wool or hair "*in the grease*" is wool or hair in its natural condition as separated from the animal or skin, whether or not cleaned by shaking, willowing, or burr-picking, but not otherwise cleaned;

(f) "*washed*" wool or hair is wool or hair, not on the skin, that has been washed, with water only, while on the animal's back or on the skin, whether or not cleaned by shaking, willowing, or burr-picking, but not otherwise cleaned;

(g) "*scoured*" wool or hair is wool or hair, whether or not on the skin, (except wool or hair in the grease or washed) that has been cleaned by any process other than shaking, willowing, burr-picking, washing with water only, or carbonizing;

(h) "*carbonized*" wool or hair is wool or hair whether or not on the skin that has been cleaned by carbonizing in lieu of, or in addition to, any other cleaning process, whether or not neutralized or neutralized and dusted: and

(i) "*sorted*" wool or hair is wool or hair separated from each individual fleece according to length, soundness, elasticity, fineness, color, or other properties, but does not include a skirted fleece unless the back has been removed, and does not include skirtings;

* * * * * * *

*Claimed under:*

Hair of animals:

* * * * * * *

Hair of the cashmere goat and like hair of other animals:

* * * * * * *

| | | |
|---|---|---|
| 306.63 | Scoured | 21¢ per clean lb. |

*Classified under:*

Fibers of wool or hair processed in any manner beyond the washed, scoured, or carbonized condition (including tops), but not spun:

* * * * * *

| | | |
|---|---|---|
| 307.52 | Other | 37¢ per lb. + 20% ad val. |

F. 2d 216 (2d Cir. 1971); *6 Moore's Federal Practice* ¶ 56.13 (2 ed. 1976). Fact finding and not fact determination is the fundamental issue confronting the court on summary judgment motions. Thus, the court cannot try issues of fact on a summary judgment motion, it can only determine whether there are factual issues to be tried. *Heyman v. Commerce and Industry Insurance Company*, 524 F. 2d 1317 (2d Cir. 1975).

The basic material fact which remains in issue and unresolved by the parties' memorandums and other documents in support of their respective motions is the nature of the process the cashmere hair in issue has undergone.

In its complaint, plaintiff alleges that the hair is sorted (allegation 11) and that for tariff purposes dehaired wool of the cashmere goat is "sorted hair" (allegation 19). Defendant denies both allegations.

In support of its premise that the cashmere hair is sorted hair, plaintiff submits an affidavit of Rukuson Yoh stating that the dehairing of the cashmere in issue was accomplished by hand labor. If true, this "hand labor" theory would further plaintiff's argument that dehairing and sorting are synonymous for tariff purposes as sorting is a hand labor process. The weight of the Yoh affidavit is quite uspect in that it demonstrates "personal knowledge" merely through review of records. Further, this "hand labor" theory is somewhat contradicted in Plaintiff's Memorandum in Opposition to Defendant's Cross-Motion (page 3).

Defendant, in support of its motion for summary judgment, relies heavily on a leading text on wool and specialty hair fibers, Werner Von Bergen's *Wool Handbook*, 3rd ed. (1963). While this treatise may be helpful to the court in ultimately deciding the action, it is presently of no help in establishing the physical nature of the process the cashmere goat hair in issue allegedly has undergone.

Accordingly, plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment are, in all respects, denied.