YAMAHA INTERNATIONAL CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 80-6-00908

Before LANDIS, *Judge.*

(Dated April 26, 1982)

*Glad & White* (*Edward N. Glad* on the briefs) for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Susan Handler-Menahem* on the briefs), for the defendant.

LANDIS, *Judge:* Plaintiff moves for summary judgment pursuant to Rule 56 of this Court. Customs officials classified the subject merchandise under TSUS item 725.47 as other electronic musical instruments. Plaintiff contends that the imported merchandise consists only of parts of electronic organs and are not substantially complete electronic musical instruments.

Specifically, plaintiff maintains that the subject merchandise is properly classifiable either under TSUS item 726.90 as modified by T.D. 68/9 at 8.5 percent as parts of musical instruments not specially provided for or, alternatively, the loud speakers involved herein are properly dutiable under item 684.70 as modified by T.D. 68/9 at 7.5 percent, and any transformers or rectifiers involved herein are properly dutiable under TSUS item 682.60 as other converters, transformers, rectifiers and rectifying apparatus and inducers which are electrical goods also at 7.5 per centum ad valorem.

In view of the Court of Customs and Patent Appeals' decision in *Daisy-Heddon, Div. Victor Comptometer Corp.* v. *United States,* 66 CCPA 97, C.A.D. 1228, 600 F. 2d 799 (1979), it would be manifestly unfair and violative of due process to deprive defendant of its day in court where basic factual issues require resolution *Carson M. Simon & Co., a/c Rukuson Yoh* v. *United States,* 3 CIT 4, Slip Op. 82–2 (1982).

Plaintiff submits affidavits of Mr. Yashiaki Kobayashi and Mr. William L. Perkins in support of this motion. The Kobayashi affidavit addresses post-importation occurrences and is not relevant to the importations herein. The Perkins affidavit is, at best, very sketchy and peripheral in nature and falls far short of the proof required for plaintiff's case.

In response, defendant submits an affidavit of Mr. David A. Bringer which raises material issues of fact that will require resolution upon a trial on the merits. Satisfactory proof of substantial completeness cannot be supplied by mere affidavits in support of this motion.

Summary judgment is a drastic remedy which precludes a party from exercising its right to present evidence to the court on a full trial on the merits. *Donnelly* v. *Guion,* 467 F. 2d 290 (2d Cir. 1972). When deciding summary judgment motions the court should resolve all ambiguities and draw off all reasonable inferences in favor of the party against whom summary judgment is sought. *United States* v. *Diebold, Inc.,* 369 U.S. 654, 655 (1962); *S. S. Kresge Co.* v. *United States,* 77 Cust. Ct. 154, C.R.D. 76–6 (1976). Fact finding and not fact determination is the fundamental issue confronting the court on summary judgment motions. Thus, the court cannot try issues of fact on a summary judgment motion, it can only determine whether there are factual issues to be tried. *Heyman* v. *Commerce and Industry Insurance Company,* 524 F. 2d 1317 (2d Cir. 1975). The existence of material issues of fact preclude the granting of summary judgment. *Inter-Pacific Corp.* v. *United States,* 1 CIT 338, Slip Op. 81–52 (1981); *S. S. Kresge Co.* v. *United States, supra.* If a party opposing summary judgment raises any triable fact questions, he has the right to adduce the expert testimony of live witnesses and cross-examine his opponent's witnesses rather than to have to rely on the affidavits submitted in opposition to the summary judgment motion. *United States* v. *J. B. Williams Company, Inc.* 498 F. 2d 414, 430 (footnote 19), (2d Cir. 1974); *S. S. Kresge Co.* v. *United States, supra.*

Accordingly, plaintiff's motion for summary judgment is denied. The foregoing constitutes the decision and order of this Court.