SCHOENFELD & SONS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 73-4-00898

Before LANDIS, *Judge.*

(Dated April 30, 1982)

*Freeman, Meade Wasserman & Schneider (Louis Schneider* and *Angela Pitsaris* on the briefs) for the plaintiff.

*J. Paul McGrath,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch *(Robert H. White* on the briefs), for the defendant.

LANDIS, *Judge:* Pursuant to Rule 56 of this Court plaintiff moves and defendant cross-moves for summary judgment.

The subject merchandise of this action is dehydrated green bell peppers. The pertinent tariff provisions, found in the Tariff Schedules of the United States (TSUS), are as follows:

*Classified under:*

SCHEDULE 1.—ANIMAL AND VEGETABLE PRODUCTS

PART 8.—VEGETABLES

\*        \*        \*        \*        \*        \*        \*

Subpart B.—Vegetables, Dried, Desiccated, or Dehydrated

Vegetables, dried, desiccated, or dehydrated, whether or not reduced in size or reduced to flour (but not otherwise prepared or preserved):
Dried desiccated or dehydrated:

\*        \*        \*        \*        \*        \*        \*

140.55          Other.......................................... 15.5% ad val. or
                                                  13.5% ad val.,
                                                  depending on year
                                                  of entry

*Claimed under:*

PART II [SCHEDULE 1]—COFFEE, TEA, MATE, AND SPICES

\*         \*         \*         \*         \*         \*         \*

Subpart B.—Spices and Spice Seeds

*Subpart B headnotes:*
    1. The articles described in this subpart embrace only such herbs, leaves, flowers, barks, roots, seeds, or other parts of plants which have practically no food value, and are suited and capable of being directly used, either whole, divided or ground, for culinary purposes as a seasoning or garnishment.

\*         \*         \*         \*         \*         \*         \*

Pepper:

\*         \*         \*         \*         \*         \*         \*

Capsicum or cayenne or red:
        Not ground:

\*         \*         \*         \*         \*         \*         \*

161.83 [1]          Other.......................................... 4¢ per lb. or 3¢ per
                                                  lb. depending on
                                                  year of entry

A review of the pleadings and the memorandums of law, affidavits and exhibits submitted in support of the summary judgment motions indicates that this action is not ripe for granting summary judgment to either party as material issues of fact exist which should be resolved on a full trial on the merits. It is well settled that the existence of material issues of fact precludes the granting of summary judgment. *S.S. Kresge Co.* v. *United States,* 77 Cust. Ct. 154, C.R.D. 76–6 (1976); *Inter-Pacific Corp.* v. *United States,* 1 CIT

---

[1] In the complaint plaintiff additionally claims classification under TSUS item 161.71 as "Paprika, ground or not ground", dutiable at five (.05) cents per pound and alternatively claims classification pursuant to item 162.15 as "Mixed spices, and spices, and spice seeds not specially provided for", dutiable at 9% ad valorem or 8% ad valorem depending on the date of entry.

Plaintiff has briefed neither of these claimed classifications on the summary judgment motion. The court, therefore, will not address these claimed classifications.

338, Slip Op. 81-52 (1981). The court cannot try issues of fact on a summary judgment motion, it can only determine whether there are factual issues to be tried. *Heyman* v. *Commerce and Industry Insurance Company,* 524 F. 2d 1317 (2d Cir. 1975).

In the present case the basic factual issue in dispute is whether dehydrated green bell peppers have nutritional food value and, if they have, what is the extent of that food value. This is of particular importance in view of the Subpart B headnotes to Schedule 1, Part II, Subpart B which states:

> 1. The articles described in this subpart embrace only such herbs, leaves, flowers, barks, roots, seeds, or other parts of plants *which have practically no food value* * * *. [Emphasis added.]

Thus, if the peppers contain a sufficient amount of nutritional food value, they would be precluded from plaintiff's claimed classification under TSUS item 161.83.

The conflicting affidavits submitted in support of the respective motions are insufficient for granting summary judgment. Where a party opposing summary judgment raises any triable fact questions, he has the right to adduce the expert testimony of live witnesses and cross-examine the opponent's witnesses rather than to have to rely on the affidavits submitted in opposition to the summary judgment motion. *United States* v. *J. B. Williams Company, Inc.,* 498 F. 2d 414, 430 (footnote 19), (2d Cir. 1974); *S.S. Kresge Co.* v. *United States, supra.*

The affidavits and exhibits submitted by plaintiff in support of its motion for summary judgment are sufficient to preclude defendant's summary judgment motion although not sufficient to sustain its own motion.

Accordingly, plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment, are denied in all respects.