ST. REGIS PAPER COMPANY, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 79-4-00673

Before RAO, *Judge.*

(Dated October 28, 1983)

*Freeman, Wasserman & Schneider (Louis Schneider, Herbert Peter Larsen,* and *Philip Yale Simons,* on the brief) for the plaintiff.
*J. Paul McGrath,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, *(Barbara M. Epstein,* on the brief) for the defendant.

RAO, *Judge:* This civil action involves the proper classification of merchandise described in the invoices as black calendered paper imported from the Federal Republic of Germany entered at New York in 1978. It was classified by the United States Customs Service (Customs) under item 252.90, Tariff Schedules of the United States, as

> Papers, not impregnated, not coated, not surface-colored, not embossed, not ruled, not lined, not printed, and not decorated;

\*     \*     \*     \*     \*     \*     \*

---

Other, not specially provided for:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Weighing over 18 pounds per ream:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

Other. \* \* \*

with a duty rate of 10 percent ad valorem.

It is the plaintiff's position that the imported merchandise is properly classified under item 252.05, TSUS, as

Papers, not impregnated, not coated, not surface-colored, not embossed, not ruled, not lined, not printed, and not decorated:
Basic paper to be sensitized for use in photography. \* \* \*

and is dutiable thereunder at the rate of one percent ad valorem.

Plaintiff further claims that after importation, the merchandise is sensitized by coating with zinc oxide and by other means in order to import photo-conductive properties to it and that the resultant sensitized paper is used as the electrophotographic master or matrix in a xerographic photocopy machine. It is plaintiff's position that the process of xerography is considered to the photography.

Defendant's position is that xerography is not photography within the meaning of the word for tariff schedule purposes. It also states that issues of fact remain which must be resolved at trial. Alternatively, it cross-moves for summary judgment.

A review of the record before the court indicates that there are material issues of fact in issue that remain to be resolved on a trial on the merits and that summary judgment should be denied to both parties. *S. S. Kresge Co.* v. *United States,* 77 Cust. Ct. 154, C.R.D. 76-6 (1976); *Carson M. Simon & Co.* v. *United States,* 3 CIT 4 (1982).

Summary judgment is a drastic remedy which precludes the parties from exercising their right to present evidence to the court on a full trial on the merits. *Donnelly* v. *Guion,* 467 F.2d 290 (2d Cir. 1972). When deciding summary judgment motions the court should resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought. *United States* v. *Diebold, Inc.,* 369 U.S. 654, 655 (1982); *S. S. Kresge Co.* v. *United States, supra,* at 157. Whether the parties seek summary judgment on cross-motions is of no consequence. Such cross-motions do not warrant a grant of summary judgment unless one of the moving parties is entitled to judgment as a matter of law upon facts as to which there is no genuine dispute. *Painton & Co.* v. *Bourns, Inc.,* 442 F.2d 216 (2d Cir. 1971). The function of the court on summary judgment motions is fact finding and not fact determination. The court cannot try issues of fact on a summary judgment motion, it can only determine whether there are factual issues to be tried. *Carson M. Simon & Co.* v. *United States, supra,* at 6.

In the instant action, the court is asked to grant judgment to the plaintiff on the basis of one affidavit by an employee of plaintiff who was involved in the research and development of the imported merchandise and who states that it is his belief that the xerographic process is a photographic process. Attached are excerpts from various books and encyclopedias which tend to support plaintiff's position.

Defendant cites other authorities which differentiate between xerography and photography. The court cannot determine from the proof presented whether the xerographic process is a photographic process. Additionally, defendant has raised the issue as to whether the imported merchandise comports with other criteria required to be satisfied for classification under the claimed item, TSUS.

Accordingly, plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment are, in all respects, denied.