CARIBINER, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 80-12-00148

Before FORD, *Judge.*

(Decided October 12, 1984)

*Whitman & Ransom (Max F. Schutzman)* for the plaintiff.

*Richard K. Willard,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office *(Susan Handler-Menahem),* for the defendant.

FORD, *Judge:* This action, submitted to the Court on plaintiff's motion for summary judgment, involves the proper classification of certain audio-visual and related apparatus entered by the plaintiff at the port of New York.

Defendant contends there are disputed issues of fact and, hence, the action is not ripe for summary judgment. Alternatively, however, defendant has cross-moved for summary judgment as a matter of law on the first and second causes of action. Defendant further moved to dismiss the second cause of action for lack of jurisdiction.

The plaintiff, Caribiner, Inc., is a New York corporation whose business is producing and staging sales meetings for corporate clients. In order to accomplish this function, it utilizes a number of audio-visual and related apparatus, such as cameras, projectors, audio and video tape machines, etc.

In the case at bar plaintiff, in arranging for a sales meeting in Bermuda, shipped four containers listed as audio equipment and accessories to Bermuda and filed Customs Form 4455, a "Certificate of Registration", indicating this information. Upon return of the equipment approximately one month later, plaintiff filed Customs Form 3311, a "Declaration of Free Entry of Returned American Products And/Or Certificate of Exportation", indicating the return of four containers of audio visual equipment and accessories. Based upon the filing of the above forms, required by Customs Regulations, plaintiff contends the same merchandise is entitled to free entry under Item 810.20, Tariff Schedules of the United States, as "tools of trade".

At this point it is to be noted that the equipment involved was of both domestic and foreign origin. It is alleged that the equipment of foreign origin was purchased in the United States.

Defendant contends the matter is not ripe for summary judgment, inasmuch as plaintiff has failed to establish that the merchandise contained in the four containers which were exported to Bermuda is the same merchandise contained in the four containers involved in the entries covered by this action.

The law is well settled that summary judgment may not be granted if any genuine issue of fact exists between the litigants. *Golding Bros.* v. *United States,* 6 CIT 118, Slip Op. 83–89 (August 22, 1983); *Keuffel & Esser Co.* v. *United States,* 5 CIT 139, Slip Op. 83–27 (April 7, 1983); *S. S. Kresge Co.* v. *United States,* 77 Cust. Ct. 154, C.R.D. 76–6 (1976).

The burden of proof in establishing the lack of a triable issue is upon the moving party. *Symphonic Electronics Corp.* v. *United States,* 77 Cust. Ct. 147, C.R.D. 76–5; *Gimbel Bros. Inc.* v. *United States,* 73 Cust. Ct. 223, C.R.D. 74–8 (1974). This burden requires the moving party to clearly establish the lack of disputed facts.

In the case at bar, plaintiff has failed to establish that the merchandise exported was the same as the merchandise returned from Bermuda. The mere fact that Customs Forms 4455 and 3311 indi-

cated the four containers exported and returned contained audio equipment and accessories does not establish it was the same merchandise. Since there are triable issues of fact in dispute the matter is not ripe for summary judgment. Plaintiff's motion must, therefore, be denied.

It is unnecessary at this time for the Court to consider the alternative claims of plaintiff or defendant since these issues can be determined after trial.

Accordingly, it is hereby

ORDERED, that plaintiff's motion for summary judgment be, and the same hereby is, denied; and it is further

ORDERED, that defendant's motions for summary judgment and dismissal be, and the same hereby are, denied; and it is further

ORDERED, that the parties shall notice this action for trial at the convenience of the Court and the parties.