I.C.D. GROUP, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 81–8–01017

Before CARMAN, *Judge.*

MEMORANDUM OPINION AND ORDER

(Decided June 26, 1985)

*Serko & Simon (Joel K. Simon* on the motion; *Luciana Lew* and *George S. Locker* with him on the brief), for the plaintiff.

*Richard K. Willard,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Judith M. Barzilay* on the motion) for the defendant.

CARMAN, *Judge:* Before the Court is plaintiff's motion for summary judgment pursuant to Rule 56, Rules of the United States Court of International Trade. Defendant opposes the motion contending that there is a genuine issue of material fact to be tried and, in the alternative, cross-moves for summary judgment.

## FACTS

The plaintiff in this action is challenging the United States Customs Service's (Customs) classification of women's raincoats, imported from Taiwan. The raincoats were classified as ornamental wearing apparel of cotton, under item 382.00, Tariff Schedules of the United States (TSUS), dutiable at the rate of 35% *ad valorem.* Plaintiff claims that the correct classification belongs under item 382.12, TSUS, as women's wearing apparel of cotton, not ornamented, dutiable at the rate of 8% *ad valorem.*

The focus of the dispute over the classification involves cross-stitching appearing on the shoulder straps of the coat. The question is whether this stitching is primarily functional or ornamental in nature.

It is the contention of the defendant that the cross-stitching is solely ornamental and serves no functional purpose. The government relies on the affidavit of Kathleen Mulligan, a textile analyst in the U.S. Customs Service lab for the New York region.

Plaintiff maintains that the stitching is functional in nature and does not serve to ornament the subject garment. Plaintiff relies on the expert opinion of Edmund Roberts, professor of fashion design for women's apparel at the Fashion Institute of Technology.

## DISCUSSION

On a motion for summary judgment, "the Court cannot try issues of fact; it can only determine whether there are issues to be tried." *Heyman* v. *Commerce & Industry Insurance Co.,* 524 F.2d 1317, 1319 (2d Cir. 1975). The present conflict of expert opinion and factual assertion indicates that there are material issues of fact requiring trial. Here where there is a genuine factual dispute summary judgment cannot be granted. *See S. S. Kresge Co.* v. *United States,* 77 Cust. Ct. 154, 155 C.R.D. 76–6 (1976).

In determining the classification of the raincoat, the Court must decide whether the stitching is primarily functional or ornamental. In *Baylis Brothers, Inc.* v. *United States,* 60 Cust. Ct. 336, C.D. 3383 (1968), a case involving the determination of stitching on the front of women's dresses, the court stated:

"The evidentiary issue * * * is whether the primary purpose of the stitching is for decoration rather than utility. The term

purpose * * * must, of course, be understood to mean function rather than the subjective intent of the manufacturers. It is the resultant effect of, and not the claimed motivation for, the stitching which determines the issue.

*Id.* at 341.

The affidavits of the two experts are in direct conflict as to the primary purpose and function of the stitching. Roberts, affiant for plaintiff, states that the stitching functions primarily to bind together the three layers of cloth which comprise the strap and reinforces the area subject to the greatest stress and wear. Roberts also asserts that the cross-stitching is useful in manufacturing the article by making it easier to attach the strap to the garment, that the stitching keeps the strap from buckling and holds it in place during pressing, and that the cross-stitching is located in an inconspicuous place and does not serve to ornament the coat.

Mulligan, affiant for defendant, states that the three layers of the strap are held together by adhesive and stitching sewn lengthwise. She also states that the cross-stitching does not strengthen the fabric, that the area covered by the cross-stitching is not subject to any amount of stress, and that the cross-stitching is not needed to flatten the strap or prevent buckling. Mulligan states further that the cross-stitching is superfluous except that it enhances the visual appeal of the coat.

In this case, the assertions of fact could not be more divergent. Absent a clear showing as to the nature of the stitching, motions for summary judgment cannot be granted.

## Conclusion

The present conflict of expert opinion and factual assertion leaves open a material question of fact. Since there is still a genuine issue of factual dispute outstanding between the parties, plaintiff's motion for summary judgment is denied and defendant's cross-motion for summary judgment is denied.