UNITED STATES, PLAINTIFF *v.* ZUBER & CO., INC., DEFENDANT

Court No. 82-9-01335

Before FORD, *Judge.*

---

(Decided October 9, 1985)

FORD, *Judge:* This action, involving three entries made at the Port of Boston, Massachusetts, is before the Court on plaintiff's motion for summary judgment made under Rule 56 of the Rules of this Court. Plaintiff alleges in its complaint, and defendant admits, this Court has jurisdiction to entertain the action under 28 U.S.C. § 1582. It is further alleged in the complaint that plaintiff seeks to enforce a penalty incurred under the provisions of 19 U.S.C. § 1592.

Plaintiff contends and sets forth thirty-one paragraphs as to which there are no genuine issues of fact to be tried. Defendant, on the other hand, has listed twenty-four paragraphs of disputed material facts which necessitate a trial. Among the major disputed facts alleged by defendant are that the valuation was grossly overstated, the classification was erroneous, there was no charge for the visa under the International Textile Trade Agreements in Entry 13736, and in some instances visas were not required. All these are material facts which are obviously in dispute.

The Court is aware of the fact that defendant is banned from instituting an action against Customs concerning the classification and valuation as prescribed by 19 U.S.C. § 1514. However, defendant, in defending an action instituted under 19 U.S.C. § 1592, may solely, as defense against the penalty sought, establish the correct valuation and classification.

For the Court to consider a motion for summary judgment to be ripe for determination, there must be no genuine factual dispute. *S. S. Kresge* v. *United States,* 77 Cust. Ct. 154, C.R.D. 76–6 (1976). *John DiGiorgio* v. *United States,* 8 CIT 192, Slip Op. 84–107 (September 27, 1984). This instant case presents the Court with several questions of material facts, as indicated *supra,* and, accordingly, plaintiff's motion for summary judgment must be denied.