STANDARD COMMODITIES IMPORT & EXPORT CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 77–12–04812

Before RE, *Chief Judge.*

(Dated December 5, 1985)

*Stein Shostak Shostak & O'Hara (Robert Glenn White),* for plaintiff.
*Richard K. Willard,* Acting Assistant Attorney General; *Joseph I. Liebman,* Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch (*Susan Handler-Menahem* on the brief), for defendant.

RE, *Chief Judge:* The question presented in this case pertains to the proper classification, for customs duty purposes, of certain steel products imported from Brazil and described on the customs invoices as "tubes."

The imported merchandise was entered at the port of Houston, Texas, and was classified by the Customs Service under item 610.32, Tariff Schedules of the United States (TSUS) as steel "tubes * * * [w]elded, jointed, or seamed, with walls not thinner than 0.065 inch, and of circular cross section * * * 0.375 inch or more in outside diameter." Hence, the merchandise was assessed with duty at 0.3¢ per pound.

Plaintiff protests this classification, and contends that the imported merchandise should properly be classified under item A692.60, TSUS, as parts of vehicles, not self-propelled and not specially provided for. If properly classifiable under item A692.60, TSUS, as maintained by plaintiff, the merchandise would be entitled to duty-free treatment under the Generalized System of Preferences.

The pertinent statutory provisions of the tariff schedules are as follows:

*Classified under:*
Schedule 6, Part 2:
Pipes and tubes and blanks therefore, all the foregoing of iron (except cast iron) or steel:
Welded, jointed or seamed, with walls not thinner than 0.065 inch, and of circular cross section:
Other than alloy iron or steel:

| | | |
|---|---|---|
| 610.32 | 0.375 inch or more in outside diameter ......................... | 0.3¢ per pound. |

*Claimed under:*
Schedule 6, Part 6:

| | | |
|---|---|---|
| A692.60 | Vehicles (including trailers), not self-propelled, not specially provided for, and parts thereof ....................... | [duty-free] |

The question presented, therefore, is whether the imported merchandise has been properly classified by Customs as steel tubes under item 610.32, TSUS, or whether it is properly classifiable as

parts of vehicles, not self-propelled, not specially provided for, under item A692.60, TSUS, as contended by plaintiff. In order to decide this question, the court must consider "whether the government's classification is correct, both independently and in comparison with the importer's alternative." *Jarvis Clark Co.* v. *United States,* 733 F.2d 873, 878, *reh'g denied,* 739 F.2d 628 (Fed. Cir. 1984); *see E.R. Hawthorne & Co.* v. *United States,* 730 F.2d 1490, 1490 (Fed. Cir. 1984).

Pursuant to Rule 56 of the Rules of this Court, the plaintiff has moved for summary judgment. Contending that there are material issues of fact in dispute, the defendant opposes plaintiff's motion. Since the Court finds that material issues of fact are in dispute, the plaintiff's motion for summary judgment is denied.

On a motion for summary judgment, a court must resolve all ambiguities and draw all reasonable inferences in favor of the party against whom summary judgment is sought. *United States* v. *Diebold, Inc.,* 369 U.S. 654, 655 (1962); *Amorient Petroleum Corp.* v. *United States,* 9 CIT 197, 200, 607 F. Supp. 1484, 1487 (1985). The court may not resolve or try factual issues on a motion for summary judgment. *Yamaha International Corp.* v. *United States,* 3 CIT 108, 109 (1982). The court's sole function is to determine whether there are any factual disputes that are material to the resolution of the action. *Bushie* v. *Stenocord Corp.,* 460 F.2d 116, 118–19 (9th Cir. 1972); *Commercial Metals Co.* v. *Walker,* 439 F.2d 1103, 1104–05 (5th Cir. 1971).

It is basic that the party moving for summary judgment has the burden of establishing that there is no triable issue of fact. *Symphonic Electronics Corp.* v. *United States,* 77 Cust. Ct. 147, 153, C.R.D. 76–5 (1975). Moreover, if the party opposing summary judgment raises any triable issues of material fact, that party cannot be forced to rely on affidavits, but rather has the right to present the testimony of expert witnesses at trial, and to cross-examine the opponent's witnesses. *United States* v. *J.B. Williams Co.,* 498 F.2d 414, 430 n.19 (2d Cir. 1974); *S.S. Kresge Co.* v. *United States,* 77 Cust. Ct. 154, 157, C.R.D. 76–6 (1976).

The imported merchandise has been classified under item 610.32, TSUS. It is undisputed that it is made of steel, is tubular in shape, and falls within the dimensional requirements of item 610.32, TSUS. Nevertheless, headnote 1(iv) of Schedule 6, Part 2, provides that Part 2 does not include "other articles specially provided for elsewhere in the tariff schedules, or parts of articles." Thus, the question presented is whether the merchandise is specially provided for under item A692.60, TSUS, as parts of not self-propelled vehicles, not specially provided for.

In support of its motion, plaintiff submits the affidavit of its president, David Taylor. Based on his personal knowledge, Mr. Taylor avers that the imported articles were manufactured as trailer axles to meet the specifications of plaintiff's customers, manufactur-

ers of mobile homes or travel trailers. He asserts that, after importation, spindles were welded to the ends of the articles. Hub and wheel mounts would then be bolted on to form a finished trailer axle. Based on his experience and expertise, he states that he knows of no other practical use for the merchandise as imported.

In opposition to plaintiff's motion, the defendant submits the affidavits of two individuals with experience in the steel industry. Both affidavits state that the imported merchandise is manufactured to meet the specifications for mechanical tubing set forth by the American Society of Testing and Materials. Affiants state that the tubing described by plaintiff's witness has a wide variety of uses. The uses mentioned by the affiants include: axles for both self-propelled and not self-propelled vehicles, structural supports for machinery, conveyor rolls, and as bushings and sleeves for various applications.

One affiant states that approximately 60 percent of the time the tubing is used for axle applications. However, he does not specify what percentage is devoted to not self-propelled vehicles as compared to self-propelled. In short, the affidavits submitted by the parties reflect a fundamental disagreement whether the imported tubes are standard tubes suitable for many purposes, or whether they are specially manufactured tubes, whose only practical use is as axles on not self-propelled vehicles.

General Interpretive Rule 10(ij) states that a "provision for parts' of an article covers a product solely or chiefly used as a part of such article * * *." The chief use of a product is defined as the use that exceeds all other uses combined. *See* General Interpretive Rule 10(e)(i). The actual use of any particular shipment of imported merchandise is not dispositive of its proper classification. *See Amorient Petroleum Co.* v. *United States,* 9 CIT 197, 201, 607 F. Supp. 1484, 1487 (1985). Rather, it is the chief use of the class or kind of merchandise in question that determines its proper classification under a chief use provision of the tariff schedules. *Id.; see Pistorino & Co.* v. *United States,* 67 CCPA 1, 4, C.A.D. 1234, 607 F.2d 989, 992 (1979); *United States* v. *Colibri Lighters (U.S.A.) Inc.,* 47 CCPA 106, 109, C.A.D. 739 (1960).

Determining the class or kind of merchandise requires consideration of a number of factors. Among the factors to be considered are:

> the general physical characteristics of the merchandise, the expectation of the ultimate purchasers, the channels, class or kind of trade in which the merchandise moves, the environment of the sale (i.e., accompanying accessories and the manner in which the merchandise is advertised and displayed), the use, if any, in the same manner as merchandise which defines the class, the economic practicality of so using the import, [and] the recognition in the trade of this use.

*United States* v. *Carborundum Co.,* 63 CCPA 98, 102, C.A.D. 1172, 536 F.2d 373, 377 (citations omitted), *cert. denied,* 429 U.S. 979 (1976),

*quoted in Riekes Crisa Corp.* v. *United States,* 84 Cust. Ct. 132, 143, C.D. 4852 (1980).

The affidavits indicate that there is a fundamental disagreement between the parties as to the practical, commercial uses of the steel products as imported. In essence, the plaintiff contends that, since the tube ends are beveled or chamfered, the inner welding seam is reamed out, and the square end cuts are precise, the cost of the articles renders them commercially impractical for uses other than as axles for not self-propelled vehicles. The defendant, on the other hand, contends that the tubes are suitable for a variety of uses, including use as axles in self-propelled vehicles. Hence, since there is a factual issue as to the imported merchandise's uniqueness and suitability for various uses, its class or kind cannot be determined on a motion for summary judgment.

A court may not resolve material issues of fact on a motion for summary judgment. Since the defendant has raised factual issues that are material to the resolution of this action, plaintiff's motion for summary judgment is denied.